———o———

WASHINGTON SAVINGS BANK, Appellant, *vs.* REZIN B. ECKY, Respondent.

1. *Bill and notes—Forged insertion of rate of interest by payee—Effect of.—* . A forged insertion of rate of interest in a negotiable promissory note by the payee, will not impair the liability of a subsequent indorser to an innocent holder for value, before maturity, but will discharge the maker.

*Appeal from Franklin Circuit Court.*

*Flannagan with Halligan*, for Appellant.

I. The note was endorsed to the plaintiff before maturity,

and even though the words "ten" and "date" were added without the knowledge or consent of the defendants still they are liable; for the plaintiff was an innocent holder for value. (Isnard vs. Torres, 10 Louis, An., 103., Visscher vs. Webster 8 Cal., 109.)

II. The question presented by this case has recently been before the courts of Pennsylvania, Illinois and Iowa; and whatever may be urged against the decision in the Pennsylvania and Iowa cases, they are certainly sanctioned by principle and authority. (Garrard vs. Haddan, 67 Penn. St., 82; *Id.*, 59; McDonald vs. The Muscatine Nat. Bk., 27 Iowa, 319.)

*Seay & Kiskaddon,* for Respondent.

I. Any alteration in a bill or note, will render such bill or note invalid as against a party not consenting to such alteration, even in the hands of an innocent holder. (Trigg vs. Taylor, 27 Mo., 245; Ivory vs. Michael, 33 Mo., 398; Presbury vs. Michael, *Id.* 542; Woodworth vs. Bank of America, 19 Johns., 391; Nazro vs. Fuller, 24 Wend., 374; Bruce vs. Wescott, 3 Barb. 374; Hall vs. Fuller, 5 Barn. and Cress., 750; Haskell vs. Champion, 30 Mo., 136; Duker vs. Franz, 7 Ky. (Bush.) 273, 1 Greenl. on Ev. §.565.)

II. The holder of a note has no right to make an alteration to correct a mistake. (*Ibid.*)

And a surety is discharged by an alteration before the delivery of the note. (Britton vs. Dierker, 46 Mo., 591.

And an alteration in the date of commercial paper, although the alteration delay the payment, is a material alteration, and if not made with the consent of the party sought to be charged, extinguishes his liability. (Wood vs. Steele, 6 Wall., 80; Hall vs. Fuller, 5 B. & C., 750; 30 Mo., 137; 33 Mo., 398.)

ADAMS, Judge, delivered the opinion of the court.

The only question presented by this record is, whether the maker of a negotiable note is bound to pay the same in the hands of an innocent holder who took a transfer of the same for value before maturity, where such note, after being execu-

18—IL.

ted, was altered so as to bear ten per cent. per annum interest from the date, when it was the agreement of the parties that it should bear no interest? The note was for fifty dollars, and was a printed form, filled up properly in all the blanks, except the spaces for the rate of interest and date of interest were left blank, but with the express understanding that the note was to bear no interest. Notwithstanding this was the agreement of the makers and payee, the payee, after the execution and delivery of the note, and without the knowledge or consent of the makers, altered the note by inserting in the spaces left the words " ten" and " *date*," so as to make the note read ten per cent. per annum. There was nothing on the face of the note to indicate that it had been altered. That this was a forgery and avoided the note in the hands of the payee, there can be no dispute. The authorities are all agreed that such an alteration of a written contract by a party to it, without the consent of the maker, renders it absolutely void. The only question is whether this rule applies to commercial paper purchased in the usual course of trade by an innocent holder for value before maturity.

There is much conflict in the authorities on this point, both in England and America, so much so that it is useless to try to reconcile them, and I shall not undertake to review them here. The tendency of the decisions of this court, is that such a forgery avoids the note, not only as between the original parties, but as to innocent holders for value. See Trigg vs. Taylor, 27 Mo.,245 ; Haskell vs. Champion, 30 Mo., 136 ; Ivory vs.Michael, 33 Mo., 398 ; Presbury vs. Michael, 33 Mo., 542 ; Briggs vs. Ewart, *ante p.*, 245.

I maintain that this rule is supported by the weight of reason, if not of authority.

Why should the holder be allowed to recover on forged commercial paper? It is urged that to prohibit a recovery in such case would impede its circulation. But there need be no unnecessary delay created by this rule. In all cases the purchaser of such paper must be satisfied that his indorser has the title. He ought also to satisfy himself that he is honest, or if not honest, that he is a responsible indorser.

The indorser guarantees the genuineness of the paper, and if the paper be forged, he is nevertheless responsible as indorser.

The insertion of the ten per cent. interest from date, was a complete forgery, and, in my opinion, rendered the note void· in the hands of the plaintiff.

Judgment affirmed. The other judges concur.