Mississippi Planing Mill v. Presbyterian Church.

MISSISSIPPI PLANING MILL, Defendant in Error *vs.* PRESBY-TERIAN CHURCH, Plaintiff in Error.

1. *Mechanic's lien—Notice to owners—Name of party claiming lien.*—A corporation, claiming a lien on certain property, gave notice to the owners thereof, stating its own name in full, but signed the notice with its abbreviated name, omitting "of St. Louis." *Held*, that the variation was not material, because the owners could not be misled thereby.

2. *Mechanic's lien—Account filed—Name of party claiming lien.*—A corporation, claiming a lien against certain property, filed its verified account with the clerk of the court. This account did not state the full name of the corporation, omitting "of St. Louis," but referred to the notice given to the owners of the property where the full corporate name was given; the affidavit to the account used the full corporate name: *Held*, that the owners of the property were not misled, and that there was a substantial compliance with the law.

3. *Practice, civil—Pleadings—Answer—Defect of parties.*—By answering to the merits, the defendant waives all objections on the score of defect of parties to the action.

### Error to Cole Circuit Court.

*Ewing & Smith,* for Plaintiff in Error.

I. The lien paper, which had been filed in the name of "Mississippi Planing Mill Company," which was not the name of the plaintiff, was inadmissible. (32 Mo., 218.)

II. The mechanic's lien law, being in derogation of common law, must be strictly complied with. (28 Mo., 188; 15 Mo., 281; 1 E. D. Smith, 654.) The evidence cannot be supplied by parol testimony. (38 Mo., 188.)

III. There is no evidence that the church ever authorized the contract or ratified it afterwards. Corporations must speak by their records, if any kept, and there were in this case. (30 Mo., 118.)

*Lay & Belch,* for Defendant in Error.

I. The object of the notice and the lien is to give definite information of the character and amount of the claim, and, if they do this, they are sufficient. (Miller vs. Faulk, 47 Mo., 262.)

II. When the name given sufficiently designates the corporation, a contract cannot be avoided for a misnomer. (Ang. & Am. Corp., § 647; St. Louis Hosp. Ass. vs. Williams' Admr., 19 Mo., 609.)

III. Acts of corporations may be proved in the same manner as those of individuals, and no action in writing on the part of the Board of Directors is necessary. (South. Hotel Co. vs. Newman, 30 Mo., 118; Preston vs. Mo. & Pa. Lead Co., 51 Mo., 43.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover for materials sold to defendant Faulk, to be used by him in the erection of a house in the petition named, erected by him for the other defendants, and to enforce a mechanic's lien against said house, &c.

The petition stated, that the plaintiff was a corporation incorporated under the laws of this State; that the defendant, Mr. D. Faulk, prior to the 24th day of September, 1867, entered into a contract with the defendants, Austin A. King, Jr., O. G. Burch, E. W. Parsons, N. C. Burch, and D. G. Steele, who were the trustees of the Presbyterian Church of Jefferson City, Missouri, and the owners of the premises described, for the erection of a church building upon the lot of ground therein described; that defendant Faulk was the original contractor with the said owners for the building and furnishing the materials for the erection of said church, &c. The petition then sets out, that the plaintiff had sold said Faulk material to be used, and which was used, in the erection of the buiding, describing the building and the premises on which it was erected; that Faulk had failed to pay for said materials, that notice thereof had been given to the defendants, the trustees for the church and owners of the house, of the intention of plaintiff to enforce a lien on said house for its said demands; that the account had been duly filed with the clerk, with a description of the building and premises as the law directs, &c., &c. In fact there is no objection taken to the petition, or to the time of giving the required notice to the owners of the building, or to the time of filing the lien, or of the commencement of the suit to enforce the lien, provided the different steps to be taken by the plaintiff were otherwise legally sufficient. The defendant Faulk made default,

thereby confessing the action so far as he was concerned. The other defendants filed an answer, in which, after denying all of the material allegations in the petition, they aver, that they are only trustees of the Presbyterian Church of Jefferson City Missouri, which was organized in said city in February, 1866, which said church is a corporation by that name duly incorporated under the laws of this State, and that as such corporation it held the legal and equitable title and interest in the lot and building described in the petition, and that said defendants were only the trustees of said church and corporation, and have no title or interest in the said premises as such trustees. The defendants further aver, that said church, so incorporated as aforesaid, has an equitable interest in said lot and premises as described in plaintiff's petition, and which is sought to be charged with said lien, and that the plaintiff had knowledge of said equitable interest at the date of its alleged contract with said Faulk and of the filing of its supposed lien, and that said church and corporation is not made a party defendant to this action; wherefore it is averred, that said church or corporation cannot be made liable under a judgment obtained in this form, and that these are not proper parties defendants to the record, and that said suit should be dismissed, &c.

The plaintiff filed a replication to this answer, admitting that defendants were the trustees of said church, but denying all other affirmative allegations in the answer.

The case was tried before a jury. After the evidence was heard, and instructions given by the court, the jury found a verdict in favor of the plaintiff. The defendants filed a motion to set aside the verdict and grant them a new trial, setting out as causes therefor all of the causes usually set forth in such motions, sufficient to cover all of the points raised by the defendants in this case. This motion being overruled by the court, the defendants excepted. The defendants then filed a motion in arrest of judgment, which being also overruled by the court, they again excepted, and have brought the case to this court by writ of error.

The main, and it may be said, the only questions, arising in this case for the consideration of this court, grow out of the rulings of the court during the trial of the cause in reference to the exclusion or admission of evidence in the cause. It is true also, that the defendants objected to instructions given by the court for the plaintiff, and asked a number of instructions on their part, which were refused, to all of which actions of the court in giving and refusing said instructions exceptions were duly made by the defendants. Yet as these instructions only raised the same questions raised on the trial in reference to the admissibility of the evidence, no useful purpose could be accomplished by making any further reference thereto.

The first question raised by the record in this case, and which is insisted on by the defendants here, grows out of the objection made by the defendants to the notice served on them by plaintiff, notifying them that plaintiff held a claim against the building or improvement, as is required by the 19th section of the law concerning Mechanics' Liens. There is no question made as to the form of the notice, nor to the time in which it was served, but when the notice was offered in evidence on the trial it was objected to by the defendants, on the ground that the notice was signed or subscribed by the name of "Mississippi Planing Mill Company," and not by the name of "Mississippi Planing Mill Company of St. Louis," and that the notice was therefore irrelevant.

In the body of the notice it is stated, as follows : "You are hereby notified, that the Mississippi Planing Company of St. Louis, Missouri, holds a claim," &c., but the signature at the bottom of the notice omitted the words "of St. Louis" at the end of the corporate name of the plaintiff. The court overruled the defendants' objection to the notice, and admitted it in evidence.

We think the court did right. The notice being otherwise sufficient, it cannot be seen how the defendants could be misted by this notice. The notice informed them who it was that held the claim against their building, and where the plaintiff resided, giving the full and complete corporate name of

the plaintiff, and it could not be material to the defendant, that the notice was signed by the corporation by using an abbreviated designation. It is impossible to see how the defendants could have been misled or injured. They were properly informed as to the proper corporation who claimed the debt against the contractor, and this is all that the law requires so far as the name of the plaintiff is concerned.

The next objection raised by the record is, that the court admitted in evidence, against the objections of the defendants, the verified account filed with the circuit clerk of Cole county, which was intended to create and constitute the lien in favor of the plaintiff. It is not contended by the defendants in this court, that this account or statement is deficient in any other particular, except that it is variant, so far as the name of the plaintiff is concerned, from the name of the plaintiff as given in the petition, in this; that the account is made out in favor of "The Mississippi Planing Mill Company," omitting the words "of St. Louis" as stated in the petition. It is to be observed, that the affidavit to the account uses the whole complete corporate name, as stated in the petition, and refers to the notice given to the defendants where the full corporate name was also given, which seems to me to be sufficient to prevent any surprise on the part of the defendants; the substantial requirements of the law were fully complied with, and the variance complained of is so technical that it would be a denial of justice to hold the lien insufficient on that account. There were several other exceptions taken to the admission of other parts of the evidence, which depended on the same ground of variance, and for the same reason the court below properly disregarded the variance, and admitted the evidence.

It is further insisted by the defendants in this case, that the evidence of the witnesses shows, that the Presbyterian Church is a corporation and should have been made a party to the suit, as it had an equitable interest in the property to be effected. It is sufficient to say in answer to this objection, that by answering to the merits of the action the defendants waived

any objection they might have urged to the petition on the ground of a defect of parties to the action. The defendants sued were the persons who made the contract for the building, and who held the legal estate in the premises to be charged ; they being proper parties, if other parties in interest were not also made parties, that fact would not defeat the action; the only effect that could result would be, that the judgment in the case might not, and in some cases would not, effect the interests of those who were not made parties.

It is also contended, that there is no evidence to show, that the contract was made by any one authorized to make it, that the proof shows that the church kept a record of its proceedings, and that, if it had either made or ratified the contract to build the house, it could only be proved by its recorded proceedings. It is sufficient to say, that parol evidence was admitted to prove the fact of a ratification of the contract to build the house made with defendant Faulk by the other defendants as the trustees of the church without objection, and it is too late to object to evidence for the first time in this count, and it further appears by the defendants' own evidence, that they had recognized the contract and paid Faulk for his work, after which it is scarcely fair in them to say that, as trustees of the church, they had paid for the erection of a house without recognizing or ratifying the contract they were performing.

I think every question raised by the defendants in this case is fully settled by this court in the case of Miller vs. Faulk, 47 Mo., 262, and that they need not be further examined here.

The judgment of the Circuit Court is affirmed, the other judges concurring.