THE NATIONAL BANK OF PARIS, Appellant, v. SAMUEL H. NICKELL, Respondent.

**St. Louis Court of Appeals, February 19, 1889.**

1. **Evidence:** DENIAL OF EXECUTION. Proof that after the signing of a promissory note, but before its delivery or the attaching of any liability, a material alteration therein was made without the consent of the signer, is admissible under a general denial of the execution.

2. **Promissory Note:** ALTERATION. A blank left in a promissory note at the time of the signing may be afterwards filled, if such filling be necessary to make it complete as an obligatory instrument. But where a blank is left for inserting the rate of interest, and such blank, after the signing and without the maker's consent, be so filled by the payee as to make the note bear ten per cent. interest, this will invalidate the note and release the maker from all liability thereupon.

*Appeal from the Hannibal Court of Common Pleas.*
Hon. Thomas H. Bacon, Judge.

AFFIRMED.

*Harrison & Mahan,* for the appellant.

The signing of a note in blank by respondent and then entrusting it to Irvine Chapman, gave him authority to fill the blanks in such a way as not to vary or alter its material terms, or pervert its scope with stipulations repugnant to what was plainly and clearly expressed in the instrument. Dan. Neg. Inst. [ 3 Ed.] secs. 142, 143, 144; Ab's. Trial Ev. 408; *Abbott v. Rose,* 62 Me. 194; *Berwick v. Huntress,* 53 Me. 89; Story Prom. N., sec. 37; *Fearing v. Clark,* 16 Gray, 74; *Frank v. Linielfield,* 33 Grat. 384; *Snyder v. Van Doren,* 46 Wis. 602. And this authority enures to successive holders of the note who may take it with the blanks unfilled. *Page v. Morrel,* 3 Abb. Ct. App. 433, 7 Grat. 189; *Moody v. Threlkeld,* 13 Geo. 155, 18 Ala. 220, 7 Conn. 336; *Bank v. Eldred,* 9 Wall. 544. When blanks are so left in the body of the note as to indicate to the eye of the maker when it left his hands that something is necessary to be supplied and inserted to make the instrument perfect and complete and operate as the note intended, such blanks may be filled by the agent intrusted with the use of the note; because the transaction implies that the maker meant to become liable as such, upon a complete and perfect note, and so far as the same is at the time incomplete and imperfect, he is held to authorize the filling of blanks necessary to perfect it. The date, the amount, the name of the payee, and the place of payment may be inserted in their appropriate blanks. *Schooler v. Tilden,* 71 Mo. 580; *Angle v. Ins. Co.,* 92 U. S. 339; *Kitchen v. Place,*

41 Barb. 465 ; *Van Duzer v. Howe*, 21 N. Y. 531 ; *Page v. Morrell*, 3 Keyes, 117 ; *Weyerhauser v. Court of Appeals*, 1 Cent. Rep. 1 ; *Holland v. Hatch*, 11 2nd 497 ; *Harding v. Norton*, 66 Barb. 527 ; *Sittig v. Birkestack*, 38 Md. 158 ; *Harding v. State*, 54 Ind. 359 ; Dan. Neg. Inst., sec. 145; Story Bills, sec. 175 ; Story Prom. N. [ Ed. 1846 ] sec. 10, note. And such execution of a note by the maker gives implied authority to the holder to fill the blanks in conformity to the character of the paper. *Ivory v. Michael*, 33 Mo. 398 ; *Redlich v. Doll*, 54 N. Y. 234 ; *McGrath v. Clark*, 56 N. Y. 34 ; *Spitler v. James*, 32 Ind. 202 ; *Gillaspie v. Kelley*, 41 Ind. 158 ; *Page v. Morrel, supra ; Bank v. McCord*, 4 Dana [ Ky.] 191 ; *Violet v. Patton*, 5 Cranch, 142 ; *Goodman v. Simonds*, 20 How. 343; *Russell v. Longstoffe*, 2 Doug. 514; *Collis v. Emmeth*, 1 H. Black, 313 ; *Montague v. Perkins*, 22 Eng. L. & Eq. 516 ; *Bank v. Neal*, 22 How. 96; *Davison v. Lannier*, 4 Wall, 447 ; *Bank v. Kimball*, 10 Cush. 373. The blanks in the note in question were filled in the presence and with the consent of one of the parties thereto, "and in this case one of the makers to whom the note was intrusted by his co-maker for delivery, consented that the blank might be filled as was done. It brings the case within the strictest rule held by any cases on the subject, and the note is not rendered void thereby." *Cannon v. Grigsby*, 116 Ill. 151. Defendant did not plead a material and unauthorized alteration of the note without his authority ; said instructions with reference to alterations are therefore outside of the case made by the pleadings, and prejudicial to plaintiff. *Rowell v. City of St. Louis*, 50 Mo. 92.

BIGGS, J., delivered the opinion of the court.

This was an action begun in the circuit court of Monroe county, and was taken by change of venue to the Hannibal court of common pleas. The suit is based

on a negotiable, promissory note, of which the following is a copy:

"$250.00.          PARIS, Mo., Dec. 7, 1886.

"Ninety days after date, we promise to pay to the order of the National Bank of Paris, two hundred and fifty dollars, for value received, at the National Bank of Paris, at Paris, Missouri, and with interest at the rate of ten per cent. per annum.

( Signed. )                    " IRVINE CHAPMAN,
                               " S. H. NICKELL,
                               " R. D. CHAPMAN."

Defendant, under oath, made the following answer: "Defendant, for answer to the petition filed herein, denies that he executed or delivered the note sued on."

At the conclusion of the trial the court refused instructions asked by plaintiff; gave some of defendant's instructions, and gave others on its own motion. Whereupon plaintiff took a non-suit with leave to move to set it aside. This motion was afterwards filed and overruled by the court, and to reverse this action, the plaintiff has prosecuted this appeal.

On the trial the defendant Nickell made two defenses. (1) That the signature to the note purporting to be his signature, was a forgery. (2) That material alterations of said note were made by plaintiff's officers, and that the changes so made were without defendant's knowledge and consent.

I.   Counsel for plaintiff insists that under the pleadings, no evidence was admissible to show that said note had been changed; that this was a matter of special defense, and should have been specially pleaded. Counsel would be right in this, if the alteration complained of had been made after the negotiation and delivery of the note to plaintiff. But as the change in the instrument was made before its delivery, or before any legal liability to pay the note attached

(and the evidence so shows), then the change may be shown, under a general denial. The rule is that under a general denial, defendant may introduce any competent testimony having a tendency to prove that plaintiff never had any cause of action against defendant. On the other hand, if the cause of action once becomes complete and fixed, but has been defeated or destroyed by something happening subsequently, then the subsequent matter must be specially pleaded. This would be in the nature of a confession and avoidance. In this case the plaintiff's own testimony shows affirmatively that the alterations of which defendant complains were made by the president of the plaintiff bank before the note was discounted. It necessarily follows that the testimony relating to the changes of the note was proper under the pleadings.

II. The court, of its own motion, gave the following instruction to-wit:

"In lieu of instructions asked by the defendant, the court of its own motion instructs the jury that although they may believe from the evidence that defendant signed the note sued on, yet if they find from the evidence that at the time defendant so signed the same, a blank left for the rate of interest was unfilled, and that after, or at the time of the presentation to plaintiff's president, D. H. Moss, the said blank, if any, was filled up by plaintiff president by writing the figures the number "ten" without the authority or consent of defendant at the time of negotiation, the jury will find for defendant."

If the legal conclusion stated in this instruction be correct, then the note as to defendant Nickell is invalid, because the instruction is based on plaintiff's evidence. The only direct testimony in the case touching the changes or alterations in said note, after it had been signed by defendant (if he signed it at all), was that of D. H. Moss, the president of plaintiff bank. He said

in substance that in November, 1886, Irvine Chapman, one of the makers of said note, applied to him for a loan ; that previous to this Chapman had borrowed money of his bank and had given defendant as his surety. Witness told Chapman that the bank would accommodate him with another loan, and witness handed Chapman a blank note in following form ( Chapman having named the sum of two hundred and fifty dollars as the amount that he thought of borrowi ng ) to-wit :

"$250.00.              PARIS, MISSOURI......188...

Ninety days after date, we promise to pay to the order of .....................Two Hundred and Fifty dollars for value received at the National Bank, of Paris, Missouri, and with interest at the rate of.... per cent. per annum from maturity."

That Chapman took the note away with him and on December 7, returned to the bank with the signatures to the note as herein stated. That witness, in the presence of Chapman, and with his consent, filled the blank date in the note by writing "December 7, 1886." He then filled the blank for the name of the payee, by writing the words, "The National Bank of Paris." That witness then filled the blank for the rate of interest with the figures " ten," and then loaned Chapman two hundred and fifty dollars on the note. Defendant was not present, and there is no pretense that the blanks were filled with his knowledge or consent.

The general rule is, that when one delivers to another a note, containing blanks, to be used as security, the party delivering the note constitutes the other his agent, with authority to fill all blanks *necessary* to make the note *complete and perfect as a note.* The conduct of the surety or indorser in such a case implies a purpose or intention to become bound by a perfect and legal instrument. The filling of the blank

for the date of the note by Moss, by the consent of
Chapman, was right, because a note cannot be said to
be complete unless it bears a certain date.   The same
may be said in reference to the name of the payee, and
defendant cannot complain that this blank was filled by
inserting the National Bank of Paris, as payee.   But
we think that neither Moss nor Chapman had any
implied right or authority to add the figures "ten,"
thereby making the note by its terms bear ten per cent.
interest after maturity.   The note as signed by defend-
ant was a perfect note, so far as the interest clause was
concerned.   (R. S., sec. 2723.)   Although the rate of
interest was not expressed, yet the note bore six per
cent. ihterest after maturity, and Moss, by adding the
figures "ten," materially changed and increased defend-
ant's original liability.   To hold that this addition to
the note was not a material change and that Moss, by
consent of Chapman, had a right to make it, would
violate the general rule as announced in this opinion.
We do not think this rule should in any manner be
relaxed, but a wise public policy demands its strict
enforcement, in order that persons, who have such
instruments in their possession, may know that it is
absolutely necessary for them to preserve the integrity
and identity of such instruments, if their value as legal
obligations is to be preserved.   The identical question
presented in this case was passed on by the supreme
court of California in case of *Fischer v. Webb*, 8 Cal.
109, and a contrary conclusion arrived at.   But the
supreme court of Missouri in *Washington Savings Bank
v. Ecky*, 51 Mo. 272, is direct authority for the decision
of this case, and is binding on this court.   In the last
case cited, the court went so far as to say that a change
in a note, by filling a blank for rate of interest as was
done in the case at bar, would render the note invalid,
even in the hands of an innocent holder for value,
before maturity.   This was not good law and it was

repudiated by the same court in *Bank v. Armstrong*, 62 Mo. 62, and *Shirts v. Overjohn*, 60 Mo. 305. The case in 51 Mo. carried the doctrine too far. The court lost sight of the familiar principle, "that where a loss is to be borne by one of two innocent parties, the one mostly at fault must suffer." If the maker of a note so acts as to make it comparatively easy for third persons to make alterations in the instrument, without indicating in any way on the face of the instrument that any change had been made, and an innocent party buys before maturity, and pays value, on every principle of equity and fair dealing, the maker ought not to escape liability. But when the purchaser knew of the change, as in the case at bar, quite a different case is presented. We think that the instruction complained of announced a true legal principle, and as it is predicated on the uncontroverted evidence of plaintiff, it follows that the note is invalid as against defendant and the judgment in this case will have to be affirmed.

In view of this it will be unnecessary to notice other alleged errors complained of by plaintiff.

With the concurrence of the other judges, the judgment will be affirmed.