Mackey v. Basil.

C. MACKEY, Appellant, v. J. C. BASIL *et al.*,
Respondents.

Kansas City Court of Appeals, May 16, 1892.

1. **Agency:** CONTRACT WITH BLANKS. The leaving of blanks in a contract, and the delivery of the instrument with such blanks, creates an agency in the receiver and his assigns to fill the blanks in the way contemplated by the maker; and any departure from this agreement will defeat the right of the original holder to recover upon the instrument.

2. ——: ——: INNOCENT PARTY. Where the party who fills the blanks in the contract delivered to him is the agent of the person who owns and sues on the contract, there can be no question of innocent party.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Scarritt & Scarritt,* for appellant.

Instruction, numbered 1, as given by the court of its own motion, is erroneous. The filling of a blank by the agent of the borrower for a larger amount than intended does not absolutely invalidate the instrument. A recovery may be had for the amount actually due. *Johnson v. Blasdale,* 1 S. & M. 17; 40 Am. Dec. 85. A much more serious defect in the instruction, however, is the failure to limit its effect, should the jury find that the holder of the paper knew nothing of its being left blank. The testimony brought out by defendants shows that neither the plaintiff nor her agent had any knowledge of it, and there is nothing on the face of the paper to suggest that it had been filled in after signing. *Scholer v. Tilden,* 71 Mo. 580; *Green*

*v. Kennedy*, 6 Mo. App. 577; *Trigg v. Taylor*, 27 Mo. 245; *Ivans v. Campbell*, 33 Mo. 398; *Neuhoff v. O'Reilley*, 93 Mo. 164; 1 Randolph on Commercial Paper, sec. 373; 1 Daniels on Negotiable Instruments [3 Ed.] secs. 142-3, 843; Tiedeman on Commercial Paper, sec. 283.

*Jas. A. McLane*, for respondent.

(1)   It is conceded by appellant that the Missouri Mortgage Loan Company was her agent in making this loan and executing note and mortgage signed in blank by defendants in the office of Missouri Mortgage Loan Company, agent of plaintiff; changed amount in blank note or made the amount greater than the amount agreed upon, then her agent had notice of said fraud, and notice to the agent is notice to the principal. *Howard v. Ins. Co.*, 52 Mo. 181; *Chouteau v. Allen*, 70 Mo. 290; *Ferneau v. Whitford*, 39 Mo. App. 311; *Bresnahan v. Brewing Co.*, 26 Mo. App. 386; *Jackson v. Ins. Co.*, 27 Mo. App. 62; *State ex rel. v. Harrington*, 100 Mo. 170; *Nichols, Shepherd & Co. v. Kern*, 32 Mo. App. 1.   (2)   It is a universal doctrine that any alteration is material which changes the liabilities of the parties in any way, and the alteration avoids the paper, whether it is favorable or unfavorable to the parties making the alteration. *State v. McGonigle*, 101 Mo. 353; *Bank v. Nickell*, 34 Mo. App. 295; *Bank v. O'Connell*, 23 Mo. App. 165; *Lammers v. Sewing Machine Co.*, 23 Mo. App. 471; *Bank v. Ecky*, 51 Mo. 272; *Bank v. Dunn*, 62 Mo. 79; *Moore v. Hutchinson*, 69 Mo. 429; *Evens v. Foreman*, 60 Mo. 449; *Hord v. Taubman*, 79 Mo. 101; *Robinson v. Bank*, 22 Mo. App. 684; *Hunt v. Silver*, 5 Mo. App. 186; *Bank v. Fricke*, 75 Mo. 178; *Robinson v. Burgman*, 22 Mo. App. 509; *Haskell v. Champion*, 30 Mo. 136.

SMITH, P. J.—This was an action of replevin. The defendants executed and delivered to the Missouri Mortgage Loan Company, a corporation, as the agent for the plaintiff, a mortgage on the property in controversy to secure the payment of a promissory note. The amount was left blank in both mortgage and note. It is conceded these blanks were subsequently filled by the mortgage loan company, by inserting $28 therein. There was evidence tending to prove that the defendants applied for and obtained $10, and for which they were to give their note and the mortgage for $14. That the $4, the difference between the actual sum borrowed and the sum of $14 for which the note and mortgage were to be given, was to pay the mortgage loan company, for "preparing the papers." The testimony of the defendants was to the effect that the note and mortgage was filled up for double the amount which they received thereon. There was further evidence tending to prove that defendants had previously borrowed of plaintiff a like sum, and that the note and mortgage was given to secure both sums, or $28. The defendants testified that they had made a number of small monthly payments to the mortgage loan company on the note, and that it was paid off before the delivery of the note and mortgage in question. The managing officer of the mortgage loan company testified that these monthly payments, beyond the interest, at the rate of ten per cent. per annum, were made to said company for its services in obtaining monthly extensions of the time of payment of the debt, and not in satisfaction of it, and that plaintiff received no part thereof.

It appears from the undisputed evidence, that the mortgage loan company was the agent of the plaintiff, and as such made a great number of loans for her, among which were these to defendants. It appears

that the company was invested with general authority to loan the plaintiff's money. The defendants had judgment and plaintiff appealed.

The principal ground of the plaintiff's complaints is that the court below erred in telling the jury by an instruction, that if they found from the evidence that, when defendants, signed the note and mortgage, the amount of the indebtedness was left blank, with the agreement that the same was to be filled in the sum of $14, they should find for defendants. There was some evidence tending to show that the blank amounts in the note and mortgage were to be filled in with the sum of $14—enough to justify the submission of that question of fact to the jury. The question of the departure in filling the blank in the note and mortgage was left to the jury and by them found in the affirmative. The only question left for us to consider is whether the conclusion of law stated by the instruction is correct. The rule of law is now everywhere well settled that the leaving of blanks in a contract, and the delivery of the instrument with such blanks, create an agency in the receiver and his assigns to fill the blanks in the way contemplated by the maker. 1 Randolph on Commercial Paper, sec. 181; Tiedeman on Commercial Paper, sec. 283; *Paris Nat. Bank v. Nickell*, 34 Mo. App. 295. And any departure from this agreement will defeat the right of the original holder to recover upon the instrument. Randolph on Commercial Paper, sec. 181; *Paris Nat. Bank v. Nickell, supra; Washington Savings Bank v. Ecky*, 51 Mo. 272. The delivery of these blank instruments to the mortgage loan company, as the agent of the plaintiff, created an agency in it to fill in the blanks with the amount contemplated by the makers. In this transaction the agency of the mortgage loan company as to the

makers was limited. The act of filling in the blanks with a larger amount than was contemplated was without their authority. Its act in that regard was that of the plaintiff, the payee. There can, therefore, be no question of innocent party who has purchased the note before maturity for value. The departure made by the loan company in filling the blank on the note was such an alteration and departure as prevented it from becoming the obligation of the defendants as to the plaintiff. The departure in filling the blanks in this case is not as between these parties different in legal effect from what it would have been had the note been for $14, and the plaintiff had altered it to $28. It would not bind in either case.

In this view of the case it becomes unnecessary to notice the other point of objection to the instruction suggested by defendants.

The judgment must be affirmed.  All concur.