New England Loan & Trust Company, Respondent, v. Sterling P. Brown, Appellant.

Kansas City Court of Appeals, November 19, 1894.

1. **Cost:** NONRESIDENT PLAINTIFF: STATUTE. Section 2915, Revised Statutes, 1889, is to secure the officers for their fees and services and it is in the discretion of the court to give a nonresident plaintiff thirty days to file a cost bond.

2. **Trial Practice:** PARTIES: ANSWER. Where the defendant answers to the merits and goes to trial, he can not afterward raise the objection that the real party in interest had not been made a party plaintiff.

3. **Alteration of Instrument:** INSTRUCTION. The action of the court in giving and refusing instructions as to the effect of inserting the description of the land offered as security in an application for a loan, is approved, and it is *held* that it was properly left to the jury to determine whether the land intended to be offered was the land inserted.

4. ———: EXECUTED AND EXECUTORY CONTRACTS: BLANKS. The leaving of blanks in a contract and its delivery with such blanks creates an agency in the reciver to file blanks in the way contemplated by the maker; and where the contract is executory and not for the direct payment of money and does not affect title to real estate, the principle that any change after delivery, however slight or immaterial, amounts to an alteration, has no application.

*Appeal from the Clinton Circuit Court.*—Hon. Wm. S. Herndon, Judge.

Affirmed.

*F. B. Ellis* for appellant.

(1) The first point we shall notice is the refusal of the court to dismiss the suit upon the motion of the defendant, on the ground that the plaintiff was a nonresident as shown by the pleadings. R. S., sec. 2915;

*Snell v. Owens*, 3 Mo. 226; *Gov. of Missouri v. Rector*, 1 Mo. 638; *Brown v. Ravenscroff*, 1 Mo. 397; *Posey v. Buckner*, 3 Mo. 605; *Snowden v. McDaniel*, 7 Mo. 313; *Osprey v. Jenkins*, 9 Mo. 643. (2) The second contention of defendant is that the contract sued upon in this case was altered without his knowledge or consent after he signed the same. Any alteration of a written contract, after it is executed, vitiates such contract, however immaterial or innocently done. *Hord v. Taubman*, 79 Mo. 101; *Barnett v. McClurey*, 78 Mo. 679; *Bank v. Bosserman*, 52 Mo. App. 169; *Bank v. Frick*, 75 Mo. 178; *Haskell v. Champion*, 30 Mo. 136. (3) The appellant urges as a ground for reversing the case, that the proof shows that S. P. Allen is the party in interest, while the suit is prosecuted in the name of the New England Loan and Trust Company, a corporation under the laws of the state of Iowa. The statute provides that suits must be prosecuted in the name of the real party in interest. Mr. Allen swears that they have no interest in the result of this suit; then they are merely figureheads, bogus parties; every dollar recovered comes to Allen, under his own testimony. R. S. 1889, sec. 1990. (4) It is insisted by appellant that, before this suit was brought, the plaintiff had abandoned the contract and relieved the defendant from complying with its terms. If this is the case, appellant's instruction upon this theory of the case should have been given. *Chouteau v. Iron Works*, 83 Mo. 73; *Chouteau v. Iron Works*, 93 Mo. 388; *Selegman v. Rogers*, 113 Mo. 643.

*Jas. E. Bohart* for respondent.

(1) The object of section 2915, of the Revised Statutes of Missouri, providing that a nonresident plaintiff shall deposit bond or obligation for costs on

instituting suit in this state, etc., "is to secure the officers of the court in their legal demands for fees' and services." This object has been effectually attained. The statute does not deprive the court of its discretion. "The provisions of the statute are merely directory." *Gov. of Mo. v. Rector*, 1 Mo. 638; *Posey v. Buckner*, 3 Mo. 604; *Snowden v. McDaniel*, 7 Mo. 313; *Osprey v. Jenkins*, 9 Mo. 644; *Edwards v. Brown*, 67 Mo. 379. (2) Every change in the words or form of a contract, by interlineation, erasure, filling in of blanks, etc., does not amount to what is understood in law to be an alteration of a contract. Bishop on Contracts [Enlarged Ed.], sec. 751; Lawson on Contracts, sec. 430; Anson on Contracts [2 Amer. Ed.], 433. "The rule of law is now everywhere well settled, that the leaving of blanks in a contract, and the delivery of the instruments with such blanks, creates an agency in the receiver to fill the blanks in the way contemplated by the maker." The authority to fill in the blank will be implied. *Macky v. Basil*, 50 Mo. App. 193; *Schooler v. Tilden*, 71 Mo. 589; *Green Co. to use v. Wilhite*, 29 Mo. App. 459; *Bank v. Nickell*, 34 Mo. App. 295; Lawson on Contracts, sec. 434; Bishop on Contracts, secs. 1174 and 1176, and cases cited; Rice on Evidence, 855 and 856; Story on Bills, chap. 3, sec. 54. (3) In all cases where the question arises, it is for the court to determine whether or not a given state of facts amount in law to a material alteration. On this the court properly instructed the jury in plaintiff's instruction number 3. *State to use v. Dean*, 40 Mo. 464; *B. & L. Ass'n v. Fitzmaurice*, 7 Mo. App. 283; *Steele v. Spencer et al.*, 1 Pet. (U. S.) 552; Lawson on Contracts, 432; 2 Parsons on Contracts [5 Ed.], 719n; 1 Am. & Eng. Encyclopedia of Law, 512. (4) In actions upon contracts, courts should look to the object the parties had in view. The promisor is, both

morally and legally, bound according to the sense in which he apprehended the contract was received by the promisee. *State to use v. Miserez*, 64 Mo. 596; *Brunner et al. v. Wheaton*, 46 Mo. 363; *Loos v. Ins. Co.* 41 Mo. 539; *State ex rel. v. King*, 44 Mo. 283. (5) The defendant, by answering to the merits, and going to trial, can not afterwards raise the objection that the real party in interest is not made a plaintiff. R. S. 1889, secs. 2043 and 2047 ; *State to use v. Berning*, 74 Mo. 99; *State to use v. Sappington*, 68 Mo. 457; *Garrett v. Cramer*, 14 Mo. App. 404; *Planing Mills v. Presbyterian Church*, 54 Mo. 524. Can not be reached by instructions to the jury. *Butler v. Lawson*, 72 Mo. 246, 247; *Dunn v. Railroad*, 68 Mo. 279; *Harstkotte v. Menier* 50 Mo. 158.

SMITH, P. J.—This is a suit on a contract. S. P. Allen, plaintiff's agent for the placing of loans in Clinton county, received a letter from the defendant stating that he had purchased the Portus Clark farm of one hundred and sixty acres for the sum of $4,800, and further stating that he wanted a loan of $2,500 on it. Pursuant to this request, the said defendant executed and delivered his contract in writing to the plaintiff wherein he applied to said company for the loan of $2,500 on certain security therein offered, and on the further terms and conditions of said contract.

This contract was immediately forwarded to the general office of the plaintiff whereupon the company sent out its inspector and agent to examine the land offered as security, and afterwards notified defendant that his application was accepted and loan granted. Later on Allen, the agent of plaintiff, received a letter from defendant stating that "Mr. Clark won't make me a deed" to the land. A few days thereafter, the said Allen, agent, received another letter from defend-

ant stating that "Clark has made me the deed." It seems, however, that defendant was unable to secure a title to the premises he offered as security, and failed to carry out his part of the contract with the plaintiff..

The plaintiff accepted defendant's application and granted him the loan of $2,500 and, incurring certain expenses incident to its acceptance, did so, relying altogether upon defendant's said contract with it, especially that part which reads as follows: "I further agree to furnish you, at my own expense, a sworn appraisement of the premises offered as security; to execute and deliver notes and mortgages or deeds of trust, in your usual form, that shall convey all contingent interests of husbands or wives, and to pay fees for recording deeds of trust. I further agree to furnish you, at once, to be returned when the loan is paid off, an abstract of the title to the property from the United States down to and including deed of trust to you, which shall show a perfect title in the borrower; and I agree to pay all expenses incurred by you in perfecting said title. Should any of the statements in this application be found incorrect, or should the making of the loan fail not through your fault, I agree to pay you all expenses you may have incurred in and about the matter, and a commission of two per cent. on the amount applied for. * * * My title to the premises offered as security is an indefeasible estate in fee simple and has never been questioned. I am in peaceable possession of said premises." * * *

The loan having failed, not through the fault of the plaintiff, this suit is instituted to recover of defendant all expenses in and about the same and for two per cent. commission on the amount thereof. On the trial in the circuit court, before a jury, the result was a judgment in favor of the plaintiff, to reverse which defendant has appealed.

The defendant complains that the trial court erred in its action in overruling his motion to dismiss the cause. It appears from the record that at the May term of the court defendant filed his motion based on the ground that the plaintiff was a foreign corporation and had failed to file a bond for costs as required by the statute before bringing and prosecuting the suit. The court overruled the defendant's motion and at the same time giving to the plaintiff thirty days before the next term in which to file its obligation for costs.

In this action of the court no reversible error is perceived. The object of the statutory provision, section 2915, Revised Statutes, is to secure the officers of the court in their legal demands for fees and services. If in the opinion of the court this could be effectuated by giving the plaintiff thirty days in which to file its obligation for the costs that have or might accrue in the cause, it was within its discretionary power to so order. This statutory provision has always been construed to be merely directory. *Governor v. Rector*, 1 Mo. 638; *Posey v. Buckner*, 3 Mo. 504; *Edward v. Brown*, 67 Mo. 379.

The defendant assigns for further error the action of the court in overruling his demurrer to the evidence. In this there was no error committed. It is quite true that the evidence disclosed the fact that Allen, the agent, of plaintiff, was the sole beneficiary in the action. If any recovery was had by plaintiff the fruits of the same were to go to him. The defendant, having, as he did, answered to the merits and gone to trial could not afterwards raise the objection that the real party in interest had not been made a party plaintiff. R. S., secs. 2043-2047; *State to use of Wolf v. Berning*, 74 Mo. 99; *State to use v. Sappington*, 68 Mo. 457; *Garrett v. Cramer*, 14 Mo. App. 404; *Mississippi*

*Planing Mills v. Presbyterian Church*, 54 Mo. 524; *Butler v. Lawson*, 72 Mo. 246, 247; *Dunn v. Railroad.* 68 Mo. 279; *Harstkotte v. Menier*, 50 Mo. 158. The defendant must be held to have waived the objection of defect of parties by reason of his answering to the merits.

The defendant next objects that the trial court erred further in declaring to the jury by an instruction requested by the plaintiff in effect that, although the description of the land in the contract sued on was inserted after the same had been signed by defendant, yet, if defendant intended to offer the land so inserted as a security for the loan applied for and did offer it, then said insertion was immaterial, etc.; and in refusing to declare at his request, that, if the plaintiff or its agent made an unauthorized alteration in said contract after the delivery of it to plaintiff by inserting the description of said land therein without the knowledge and consent of defendant plaintiff could not recover.

The testimony of the plaintiff's witness Allen was that the defendant wrote him a letter, which was produced at the trial and not denied by defendant, wherein defendant stated to Allen that "I have bought the farm I am living on; it is the same one I talked to you about last spring. You know I wanted $3,000 on it, and you said you would let me have $2,500 on it. I have bought it for $4,800 and want $2,500 on it. It is the Clark farm, Portus Clark farm, one hundred and sixty (160) acres, two miles southeast of Converse. Let me hear from you.                        Yours truly,
                              "S. P. BROWN."

"Will give you the shape of it. The public road runs on the south and west sides of this farm. It is a half a mile long, east and west; quarter and a half north and south, and forty on the northeast corner in

this shape below. House built five years ago; old barn; two good wells."

The contract, which was made some twenty days later, it is admitted, properly described the farm mentioned in defendant's letter. The witness Allen testified that defendant furnished him the precise description of the land, and the same was written in the contract at the time it was signed. The defendant testified contrariwise to this. It was admitted by defendant that the land described in the contract was that referred to in his letter to Allen, and that upon which he made his application to plaintiff for a loan of money. It seems to us that the instruction given for the plaintiff was fully justified by the evidence just adverted to. The land inserted in the contract was in accordance with the real transaction of the parties to it. There was not the semblance of proof that the slightest fraud was attempted or accomplished, nor that any injury was done defendant. Looking at every part of the transaction from the writing of the letter by defendant to Allen, plaintiff's agent, to the signing of the application and contract for the loan, we can come to no other conclusion than that, if the description of the land was not inserted in the contract at the time of the signing of it, the plaintiff must be deemed to have had authority from defendant to fill up the blank description of the land in conformity with the true nature of the transaction and in pursuance of the real intention of the parties.

Under the plaintiff's instruction it was properly left to the jury to determine from the evidence whether or not the defendant intended to offer the land inserted in the contract as a security for the loan applied for. The only question left for us to consider is whether the conclusion of law stated by the instruction is correct. *State v. Dean*, 40 Mo. 464; *Mackey v. Basil*, 50 Mo. App. 193; *Western Building & Loan Association v. Fitzmaurice*, 7 Mo. App. 283.

It is laid down in the works of some of the leading writers on contracts to the effect that every change in the words or form of a contract by interlineation, erasure, filling in of blanks, etc., does not amount to what is understood in law to be an alteration of a contract. Bishop on Contracts, section 751; Lawson on Contracts, section 430; Anson on Contracts [2 Am. Ed.], 433. "The rule of law is now everywhere well settled, that the leaving of blanks in a contract, and the delivery of the instrument with such blanks, creates an agency in the receiver to fill the blanks in the way contemplated by the maker. The authority to fill in the blank will be implied. *Macky v. Basil*, 50 Mo. App. 193; *Schooler v. Tilden*, 71 Mo. 580; *Greene County v. Wilhite*, 29 Mo. App. 459; *Paris National Bank v. Nickell*, 34 Mo. App. 295; Lawson on Contracts, section 434; Bishop on Contracts, sections 1174 and 1176, and cases cited; Rice on Evidence, 855 and 856; Story on Bills, chapter 3, section 54.

This rule does not trench upon the principle announced and applied in the following cases: *Hord v. Taubman*, 79 Mo. 101; *Barnett v. McClurey*, 78 Mo. 679; *Kingston Bank v. Bosserman* 52 Mo. App. 169; *Bank v. Frick*, 75 Mo. 178; *Haskell v. Champion*, 30 Mo. 136. We do not think that this principle can be indiscriminately applied to every form and kind of written instrument, whether executed or executory. In cases

where the contract is executory, like the one in question, and is not for the direct payment of money, nor to affect title to real estate, we must think the principle of the cases last cited has no application. It follows from this that the theory of defendant's refused instruction previously referred to was by the court properly rejected.

There was no evidence adduced to justify the court in submitting the case to the jury on the theory of an abandonment by the plaintiff of the contract sued on, and hence there was no error in the action of the court in refusing defendant's instruction embracing that theory.

The judgment of the circuit court will be affirmed. All concur.