SIDNEY S. MONTGOMERY, APPELLANT, V. QUINTILLA M. DRESHER, APPELLEE.

FILED JANUARY 24, 1912.    No. 16,575.

1. **Contracts:** ABOLITION OF PRIVATE SEALS. Since the use of private seals has been abolished in this state, all contracts are upon the same footing as simple contracts.

2. **Alteration of Instruments:** FILLING BLANKS. The filling of blanks in a written instrument is not, strictly speaking, an alteration of the instrument. Where a blank is filled in after the execution and delivery of a written instrument, it is a question of authority so to do.

3. ———: ———. The right to fill blanks in written instruments after execution and delivery is based upon an assumption of consent, in the absence of specific instructions, and the leaving of such blanks is considered to imply authority to fill them, and creates an agency in the receiver to do so in the way contemplated by the maker.

4. **Mortgages:** VALIDITY: INSERTION OF NAME OF MORTGAGEE. Where a mortgage was executed with the blanks for the name of the mortgagee unfilled, the mortgage delivered to the person to whom the indebtedness secured by the mortgage ran, the filling in of his own name by such person would not invalidate the mortgage.

5. ———: BONA FIDE PURCHASERS: EVIDENCE. Upon an examination of the evidence, it is found that plaintiff is a *bona fide* purchaser of the notes and mortgage sued upon.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed with directions.*

*William Baird & Sons,* for appellant.

*Duncan M. Vinsonhaler, contra.*

REESE, C. J.

This is an action to foreclose a mortgage on lot 17, in block 2, in Hanscom Place, an addition to the city of Omaha. The petition is in the usual form, and is based upon two promissory notes, each bearing date December 31, 1907—one for $500, due January 1, 1909, the other for $1,200, due January 1, 1910—secured by the mortgage set out in the petition, all issued to one Becker and indorsed and assigned to plaintiff. The answer consists of (1) a general denial of all unadmitted facts alleged in the petition; and (2) alleges the perpetration of a fraud upon defendant by Becker in the exchange of properties by fraudulently misrepresenting the quality, character and value of the property involved in this action, and for the price of which the notes described in the petition were in part given; that the notes and mortgage when executed did not contain the name of Anson E. Becker, as payee and grantee, and that they have been changed and altered after delivery by the insertion of Becker's name therein where they were left blank at the time of execution and delivery; that defendant would not have signed the same had his (Becker's) name been there. The averment in the petition that plaintiff is a *bona fide* owner and holder of said notes and mortgage is also denied; and it is alleged that he had full knowledge of their defects when executed, that they were without consideration, that he is not the owner thereof, and his pretended purchase of them was the carrying out of a fraudulent conspiracy, entered into

with the said Becker, to aid in the perpetration of a fur-
ther fraud upon her.    There are other averments in the
answer which it is not deemed necessary to notice here.
By the reply plaintiff denied any knowledge of the ex-
change of property as alleged in the answer, or of any
fraud therein, or that the name of the payee and mort-
gagee had been inserted after delivery; averred that the
filling of the blanks therein by the insertion of Becker's
name was by the authority of defendant, that plaintiff
was a *bona fide* holder and owner thereof by their pur-
chase for value before the maturity of the notes.    Other
averments of this reply need not be here noticed.    There
was a trial to the district court, which resulted in a find-
ing and decree in favor of defendant, dismissing plain-
tiff's petition, canceling the mortgage, and quieting de-
fendant's title.    The findings of the decree are to the
effect that plaintiff did not acquire the notes and mort-
gage for a valuable consideration in the due course of
business, that there had been a material alteration in the
mortgage subsequent to its execution and delivery, and
that the mortgage casts a cloud on defendant's title which
she is entitled to have removed and her title quieted.    A
decree was accordingly rendered.    The decree provides
that it is without prejudice to plaintiff's right of action
on the notes, but no judgment is rendered thereon.
Plaintiff appeals.

From an examination of the evidence contained in the
bill of exceptions, we conclude there are but three con-
trolling questions involved in this case.    (1) Was the
insertion of the name of Becker as payee of the notes and
grantee in the mortgage a material alteration of said in-
struments?    (2) If so, were the blanks so filled by the
authority and consent of defendant?    (3) Is plaintiff a
*bona fide* holder of said instruments?

Since the use of private seals has been abolished in
this state (Ann. St. 1911, sec. 11851) all contracts are
upon the same footing as simple contracts.    Therefore,
the same rule should be applied to all.    The filling in of a

blank in a written instrument is not, strictly speaking, an alteration of the instrument. Where a blank is filled in, it is a question of authority so to do. *Waldron v. Young,* 56 Tenn. 777. The right to fill in blanks in written instruments is based upon an assumption of consent. The leaving of a blank space is considered to imply authority to fill it. *Inhabitants of South Berwick v. Huntress,* 53 Me. 89; *Smith v. Crooker,* 5 Mass. *538; New *England Loan & Trust Co. v. Brown,* 59 Mo. App. 461; *Porter v. Hardy,* 10 N. Dak. 551. In *New England Loan & Trust Co. v. Brown, supra,* it is said, quoting from *Mackey v. Basil,* 50 Mo. App. 190: "The rule of law is now everywhere well settled that the leaving of blanks in a contract, and the delivery of the instrument with such blanks, creates an agency in the receiver to fill the blanks in the way contemplated by the maker. The authority to fill in the blanks will be implied"—citing a number of cases and authorities. See, also, *Augustine v. Schmitz,* 145 Ia. 591; *Chapman v. Veach,* 32 Kan. 167, 4 Pac. 100; *Field v. Stagg,* 52 Mo. 534; *Pence v. Arbuckle,* 22 Minn. 417; *Van Etta v. Evenson,* 28 Wis. 33; 2 Reeves, Real Property, sec. 1085 *et seq.; Roe v. Town Mutual Fire Ins. Co.,* 78 Mo. App. 452; *Ragsdale v. Robinson,* 48 Tex. 379; *McClain v. McClain and Davenport,* 52 Ia. 272. There are many cases holding to a different doctrine, but we are persuaded that the more modern holdings are more reasonable, and more consistent with justice, viz., that the executing and delivery of a mortgage with the name of the mortgagee left blank is an implied authority to the person to whom the delivery is made to fill the blank with the name of the proper mortgagee, where no fraud or violation of instructions can be shown.

In this case the person whose name was entered in the blank space was the identical person with whom defendant was dealing and whose name would naturally have been written in the blanks. The reason, as explained by Becker, for the omission was that as Bennett was a part owner of the real estate transferred to defendant, and on

which the mortgage was given, he desired to consult him before filling the blanks. This explanation was reasonable and may be correct. At any rate, the mortgage as filled out corresponded with the dealings between the parties to the transaction, and should be held to be a valid mortgage, even as between the parties to it. The right to fill the blanks in the notes by the insertion of the name of the payee is given by section 9213, Ann. St. 1911 (Comp. St. 1911, ch. 41, sec. 14), and their validity cannot be questioned. In addition to the implied authority to fill the blanks in the notes and the mortgage, the evidence strongly preponderates in favor of an express authority therefor and consent thereto by defendant.

Is plaintiff a *bona fide* holder of the notes and mortgage? Courts are required to decide causes upon the evidence. Plaintiff testified that he purchased the notes and mortgage in good faith, for value, before maturity, and without any knowledge of the previous transactions between the parties or notice of any defense defendant might have; that the price paid was $1,600, which was within $100 of the face of the notes. Plaintiff's check for the sum of $2,000, payable to W. V. Bennett, from whom the purchase was said to have been made, was introduced in evidence, and the testimony of plaintiff and Bennett was that $400 was to be applied on an indebtedness to Bennett from plaintiff, and the remaining $1,600 to the purchase price of the notes and mortgage. The check bears date January 17, 1908, which was before the maturity of the notes, and is indorsed by Bennett and stamped "Paid." Bennett testified that he received the money, and plaintiff swore that the check was returned to him by the bank canceled. There was some delay in the indorsement of the notes and assignment of the mortgage, but that was explained by evidence that Becker had assigned the mortgage to Bennett, and that he was out of the country temporarily, and it was deemed best to await his return, when the assignment to Bennett could be taken up and one made to plaintiff, thus saving recorder's

fees. The notes are indorsed by Becker to Bennett "without recourse"; but, as Bennett was already the owner of a half interest in them, the indorsement, of itself, cannot be held as evidence of unfair dealing or of fraud. True, a relationship by marriage was shown to exist between plaintiff and Bennett, but this circumstance alone does not conclusively show the absence of *bona fides* in the purchase of the notes.

We are not unmindful of the charges of fraud made by defendant as against Becker and Bennett in the exchange of properties which gave rise to the execution of the notes and mortgage, and which may be well founded, yet we are unable to see how the facts alleged can, under the evidence, have any controlling effect upon this case. That subject is therefore not discussed. Since section 681a of the code requires this court to try questions of fact *de novo* and "reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court," etc., we conclude that the evidence supports the *bona fides* of plaintiff's purchase of the notes and mortgage, and that he is entitled to a decree foreclosing his mortgage.

The decree of the district court is therefore reversed and the cause remanded to that court, with directions to enter a decree of foreclosure.

REVERSED.