Harry W. Harrington et al., appellees, v. Marion Vogle, defendant: Massachusetts Bonding & Insurance Company, appellant.

Filed July 16, 1919. No. 20534.

1. **Notaries: Negligence.** Proof that a notary public signed a certificate of acknowledgment to a forged deed, and that no other persons of the name of the purported grantors could be located

who might reasonably have made the acknowledgement in question, or have led the notary to believe that they were the owners of the land, is sufficient to establish a *prima facie* case of negligence or misconduct against the notary in failing to have satisfactory evidence of the identity of the persons making the acknowledgment.

2. **Petition** examined and *held* to state a cause of action.

3. **Evidence:** COMPARISON OF HANDWRITING. In an action on the bond of a notary public for making a false certificate of acknowledgment to a deed, the official signature on her bond filed with the county clerk may be received in evidence for the purpose of comparison of handwriting.

4. **Deeds:** INSERTION OF NAME OF GRANTEE. Unless a contrary intention appears, the regular execution and delivery of a deed vests in the person to whom it is delivered implied authority to complete it by inserting the name of the intended grantee where this has been left blank.

5. ———: ———. Where a deed appears to be regularly executed, acknowledged and delivered, it is *prima facie* evidence, as to innocent third parties, of the authority of the person holding the deed to insert her name as grantee.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Strode & Beghtol* and *Kennedy, Holland, DeLacy & Horan,* for appellant.

*F. B. Baylor* and *B. N. Robertson, contra.*

MORRISSEY, C. J.

This is an action on the official bond of a notary public for damages arising from a false certificate of acknowledgement to a deed. The notary made no appearance, and the case was tried against her surety, the Massachusetts Bonding & Insurance Company, without a jury. Plaintiffs recovered judgment for $2,000, the amount stipulated in the bond.

One Eleanor Sauers gave plaintiffs her deed to certain land in Banner county in exchange for a stock of merchandise. In the course of the negotiations she exhibited to plaintiffs a deed purporting to have been executed by Jennie Thornburn and Hannah Thornburn,

record owners of the land, with the acknowledgment duly certified by defendant Vogle, as notary public. The deed was a forgery. The title of Eleanor Sauers rested on the forged deed. Plaintiffs sued Eleanor Sauers for the fraud perpetrated upon them, and recovered a judgment, upon which they were unable to realize any amount. They thereupon brought this action against the notary and her surety.

The bonding company seeks a reversal of the judgment entered against it on the ground, among others, that the petition does not state a cause of action, and that the trial court erred in overruling its objection to the introduction of any evidence. The alleged defect in the petition is that the petition does not aver that the notary took the acknowledgment without knowing or having satisfactory evidence that the persons purporting to make it were the persons described in and who executed the instrument.

The petition alleges that it is the duty of a notary public in taking an acknowledgment to a deed to know, or to have satisfactory evidence, that the person making the acknowledgment is the person described as grantor; that defendant Vogle did not faithfully perform the duties required of her as notary public; that she took the acknowledgement to a deed which was a forgery; and that her certificate thereto is false and untrue. Defendant did not attack the petition by motion. As against an objection to the introduction of any evidence, the petition sufficiently alleged such breach of duty on the part of the notary as to entitle plaintiffs to maintain the action.

Defendant further contends that judgment is not sustained for the reasons: (1) That there is no evidence that the notary took the acknowledgment in question; (2) that there is no evidence that the notary did not know or have satisfactory evidence that the persons making the acknowledgment were the persons described in and who executed the instrument; (3) that plaintiffs' damage did not result from the act of the notary, since the

deed in question was incomplete and would not have passed title, even if the certificate had been true and the deed had actually been signed by the owners of the land.

Plaintiffs introduced in evidence the bond and official signature of defendant Vogle. They were regularly produced as part of the public record. Their genuineness and validity were beyond question, and, in the absence of any other proof on this point, they furnished a sufficient basis for a comparison with the signature on the deed, and a finding that the acknowledgment had been made by defendant Vogle. Rev. St. 1913, sec. 7912.

As to the contention that the judgment cannot be sustained because plaintiffs did not prove that the notary did not know or have satisfactory evidence of the identity of the persons making the acknowledgment, it is sufficient to say that plaintiffs showed that the deed was a forgery, and that no other persons of the name of Thornburn could be located who might reasonably have made the acknowledgment in question or have led the notary to believe that they were the owners of the land. This was sufficient to sustain the burden placed on plaintiffs and to establish a *prima facie* case of negligence or misconduct. 20 R. C. L. 335 sec. 17.

Defendant's final argument is that plaintiffs' damage did not arise from the notary's act. The evidence shows that the deed was blank as to the name of the grantee, and that Eleanor Sauers filled in her name after she had shown the deed to plaintiffs and attempted to get them to accept it as direct grantees. It is urged that, since this deed was incomplete, to plaintiffs' knowledge, it was ineffectual to pass title, even if the notary's certificate had been true, and hence plaintiffs' loss would have occurred without regard to the negligence or misconduct of the notary.

Unless a contrary intention appears, the regular execution and delivery of a deed vests in the person to whom it is delivered implied authority to complete it by insert-

ing the name of the intended grantee where this has been left blank. *Montgomery v. Dresser,* 90 Neb. 632, 38 L. R. A. n. s. 423. And where a deed appears to be regularly executed, acknowledged and deliverd, it is *prima facie* evidence, as to innocent third parties, of the authority of the person holding the deed to insert her name as grantee. We are not called upon to hold, as between the grantor and a person claiming to have relied upon such deed as subsequent innocent purchaser, that the authority of the holder of the deed may not be rebutted; but, in an action on the bond of a notary public for making a false certificate of acknowledgment to a deed, it cannot be successfully urged that the loss would have arisen without regard to the notary's act because the deed did not contain the name of a grantee. In such case a third party relying upon the certificate of the notary and the apparently regular execution, acknowledgment and delivery of the deed may assume the authority of the holder of the deed to insert her name as grantee.

The record contains no fact sufficient to excuse the notary's negligence or misconduct, and the judgment is

AFFIRMED.