Edwards v. Brown.

## EDWARDS v. BROWN, *Appellant.*

67 377
31a 244

67 377
38a 302

67 377
39a 109

67 377
56a 409

67 377
59a 466

1. **Dramshop Keeper:** PARENT AND CHILD : PLEADING.   In an action by a parent against a dramshop keeper for selling intoxicating liquors to a minor, without the consent of such parent, under the statute (1 Wag. Stat., p. 552, § 20), it is not necessary to allege in the petition the peculiar kind of liquor so sold.

2. ———: ———: BOND FOR COSTS.  Such an action is neither a *qui tam* action, nor an action on a penal statute where the penalty is given to the informer, and, therefore, does not come within the provisions of the statute (1 Wag. Stat., p. 341, § 1), requiring a bond for costs to be filed before, or at the time of, the filing of the information in such cases.  It is merely a suit for damages provided by the Legislature as a compensation to the aggrieved parent.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

*Louis Houck* and *Wilson Cramer* for appellant.

*J. B. Dennis* and *H. B. Wilson* for respondent, argued that the suit was not for a penalty, but for liquidated damages fixed by statute. *Gower v. Saltmarsh,* 11 Mo. 271; *Coover v. Moore,* 31 Mo. 574 ; *James v. Christy,* 18 Mo. 162; Burr. Law Dict. Title, *qui tam.*

NAPTON, J.—This proceeding was under the 20th section of our statute concerning dram-shops, that provides that "every dram-shop keeper who shall sell, give away or otherwise dispose of, or suffer the same to be done about his premises, any intoxicating liquors, in any quantity, to any minor, without the permission of the parent, master or guardian of such minor first had and obtained, shall forfeit and pay to such parent, master or guardian, for every such offense, fifty dollars, to be recovered by the party entitled to sue, by civil action, in any court having competent jurisdiction against such dram-shop keeper," &c.  The following section provides that a sale by a clerk or agent shall be deemed a sale by the proprietor.  The 27th sec-

tion declares that the term "intoxicating liquor" shall be construed to mean fermented, vinous or spirituous liquors, or any composition of them, and that the provisions of the act shall be liberally construed.  This action was by the father against the defendant for selling intoxicating liquor to his son, and originated before a justice of the peace.  The petition states that "the plaintiff is the father of Charles A. Edwards, a minor under the age of 14 years; that on or about the 4th of August, 1874, at the county of Cape Girardeau and State of Missouri, the defendant, being then and there a duly licensed dramshop keeper, did sell and give to said minor, C. A. Edwards, intoxicating liquor, and suffer the same to be done about his premises without the permission of the parents of said C. A. Edwards first obtained, wherefore James F. Edwards prays judgment against said defendant in the sum of fifty dollars, under the provision of section 20, of Ch. 48, Rev. Stat."  In the justice's court the plaintiff had a verdict and judgment.  In the circuit court, to which the defendant appealed, he filed a motion to dismiss, on the ground that the suit was an action on a penal statute, by which the penalty was given to the informer, and the plaintiff had not given any bond, as required by section 1 of article 1 of Ch. 38, Wag. Stat.  This motion was overruled and an exception taken.  At the trial, defendant objected to the introduction of any evidence on behalf of plaintiff on the ground that no cause of action was stated in the petition. This was also overruled and the plaintiff had a verdict and judgment.

The points made here are first, that the petition was defective in not stating the kind of liquor sold or given
1. DRAMSHOP KEEP-   to the minor; and, second, that no bond was
ER:   parent   and
child: pleading.   filed previous to the suit, as required by the
1st Sec. of Art. 1, of Ch. 38, 1 Wag. Stat., p. 341.  In regard to the first point, the case of the *State v. Cox*, (29 Mo. 475,) is relied on.  It is not clear, from the reported opinion in that case, what was the precise defect in the in-

dictment—but, whatever it may have been, it has no application here, where the proceeding was not an indictment, but a civil action to recover a forfeiture for a violation of a statute. It is undoubtedly necessary to state the facts which show that the statute has been violated—but the sale to the minor of intoxicating liquors, whatever may have been the peculiar kind of liquor, is declared by the act to be sufficient to authorize the parent or guardian to recover. The definition of an intoxicating liquor is given in the law, and it was a matter of evidence whether the plaintiff established the charge of the sale of such liquor to his son.

The first section of Art. 1, concerning costs, (1 Wag. Stat., pp. 341, 342,) provides that in " all *qui tam* actions and

2. ____: ____;  actions on penal statutes, where the penalty
bond for costs.   is given to the informer," a bond for costs must be filed before or at the time the information is filed. It has repeatedly been decided by this court, in reference to this section, that, if a bond is offered when a motion to dismiss for want of one is filed, the court should receive the bond and overrule the motion to dismiss. (1 Mo. 638.) But this is not a *qui tam* action, nor is it an action on a penal statute where the penalty is given to the informer. It is merely a suit for the damages considered by the Legislature to be a sufficient compensation to the party aggrieved. The plaintiff is not an informer, within the meaning of that term. No such right, as is here asserted, was given by the act to any one who might think proper to present or prosecute what was known to the common law as an information. An information is defined in Bacon's Abridgment, to be an accusation or complaint exhibited against a person for some criminal offense (below the grade of felony), which, from its enormity or dangerous tendency, the public good requires should be restrained or punished, and differs principally from an indictment in this, that an indictment is found upon the oath of twelve men and an information is only the allegation of the officer who ex-

hibits it. It is a prosecution originating, as Bacon says, with an officer, but may originate with a private citizen, but its object is, not compensation to the informer, (except in *quitam* actions,) but solely the public advantage. This action is for damages sustained by the plaintiff, liquidated by the statute, and could be maintained by no common informer. The plaintiff is responsible for costs as in ordinary civil actions. Judgment affirmed. The other judges concur.

AFFIRMED.