THE STATE *ex rel.* FISHER v. RODECKER *et al, Appellants.*

Division Two, July 6, 1898.

1. **Merchants license:** WORDS "NEXT PRECEDING" AS USED IN STATUTE.  The words "next preceding" in the statute requiring a merchant to file a statement on the first Monday in June of each year, showing "the greatest amount of goods on hand at any time between the first Monday in March and the first Monday in June next preceding," do not mean the next preceding *year*, but the amount of goods on hand between the first Monday in March and the first Monday in June of the same year as that in which the statement is required to be filed, is meant.

2. **Statutes:** CONSTRUCTION.  The spirit of the statute must govern, and not its strict letter.  The law does not require a useless and absurd thing.

4. **Merchant's License:** QUITTING BUSINESS: STRIKING OUT ANSWER. Defendants were sued by the county collector on their bond for failure to file a statement of the amount of goods they had on hand as merchants, between the first of March and June. In their answer they alleged that "prior to the first of June" they ceased to deal in goods and at no time thereafter did they engage in business as merchants in said county, but that "in the said month of June" they transported their goods to another county and there engaged in merchandising. All their answer except the general denial was stricken out. *Held* that under this state of the pleadings the defendants can not excuse themselves for a failure to file the statement on the first of June, on the ground that they had ceased to be chargeable with the tax which would be levied with the statement as a basis. *Held,* also, that there was no error in striking out this part of the answer, as it presents no defense, for the reason that it does not allege that defendant merchants ceased merchandising in said county prior to the first of March.

5. ——: ——: WHEN STATEMENT IS DUE. Merchants engaged in business in a town at any time between the first Monday of March and the first Monday of June, are required by section 6899, Revised Statutes 1889, to file a statement on the first Monday of June, showing the greatest amount of goods they had on hand at any time within those dates, even though they may cease to do business therein before the first Monday of June.

6. ——: BOND: SURPLUSAGE. Where a bond, required of a merchant for the payment of his license tax, contains conditions which are not required by the statute, they will be disregarded as surplusage, and as not affecting the validity of the bond.

*Appeal from Bates Circuit Court*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Silas W. Dooley* for appellants.

(1) The petition does not state a cause of action against these defendants and the court erred in admitting any evidence thereunder over defendant's objections. The petition sues only for a tax due the city of Rich Hill as a merchant's license tax, at the instance of the relator who is treasurer and ex-officio collector of Bates county, upon a bond given the State of Missouri

to secure the payment of a merchant's license tax to the collector of Bates county. The relator has no authority under the law for the collection of city personal taxes. R. S. 1889, secs. 6894-6899; *Ib.*, secs. 1604-1607; *Aurora v. McGannon,* 138 Mo. 38; *Cape Girardeau v. Riley,* 72 Mo. 220; *Am. Express Co. v. St. Joseph,* 66 Mo. 675. (2) The petition further fails to state a cause of action in this, that a penalty will not be inflicted for failing to perform a useless act. Section 6899, Revised Statutes 1889, requires a merchant to file a statement on the first Monday in June of each year, which statement should show the greatest amount of goods, etc., on hand at any time "between the first Monday in March and the first Monday in June next preceding. That is if the merchant filed his statement on June 1, 1893, such statement should show the greatest amount of goods, etc., on hand at any time between the first Monday in March, and the first Monday in June, 1892, the March and June "next preceding" as mentioned in the statutes, being clearly months of different years. This is clearly the statement required to be filed. Now such a statement is absolutely useless under the law. (3) The petition further fails to state a cause of action in this, because it charges that it was the duty of defendants to file or cause to be filed on the first Monday in June, 1893, with the clerk of the county court of said county, a true and correct statement, verified by affidavit, of the greatest amount of goods, wares and merchandise which said defendant merchant had on hand at any one time between the first Monday in March, 1894, and the first Monday in June, 1894, which said defendant merchant failed and refused to do. This failure is the alleged breach of the bond. The court will observe that the failure named is that of filing in June, 1893, (one year in advance), a statement showing the amount of goods on hand between March and June, 1894.

This is an impossibility—no merchant can swear in June, 1893, what goods he will have on hand between March and June, 1894. (4) Because the city of Rich Hill being a city of the fourth class, it is empowered by its charter to enact ordinances for the assessment and collection of its own merchants' license tax. R. S. 1889, secs. 1588-1590—1603-1604-1605; *Aurora v. Mc-Gannon*, 138 Mo. 38; *Cape Girardeau v. Riley*, 72 Mo. 220; *Am. Express Co. v. St. Joseph*, 66 Mo. 675. (5) Because the city of Rich Hill being a city of the fourth class, the tax it was entitled to levy under the Constitution of the State was only fifty cents on the $100 valuation and the purposes for which the excess of $1.50 on the $100 valuation alleged in the petition to be its due, was not shown to have been levied for any of the extra purposes allowed by law governing such city, nor were the purposes for which it was due set out. Such tax is unconstitutional. R. S. 1889, sec. 7682; *Brook-field v. Toohy*, 141 Mo. 619. (6) Even if chapter 111 of the Revised Statutes 1889, applied to this case, yet the answer of defendants is not denied and the testimony shows that on June 1, 1894, defendants had ceased to be merchants as defined by section 6894 of said chapter, and by the courts of this State. *State v. Robinson*, 45 Mo. 575; *State v. Whittaker*, 33 Mo. 457. It would be manifestly absurd to declare a forfeiture for a failure to make the statement, which would be used as a basis for the license tax, when the party had ceased to be amenable to the tax, which could be levied on it. (7) Under the merchants' and manufacturers' laws, the general revenue laws of our State, the first of June is the beginning of the year for taxing purposes. R. S. 1889, secs. 7531-7534-7552-7569, 6821, 6896 and 6921. (8) The bond required by the statute, section 6897, is for the payment of the license tax only. The only place in chapter 111 where a bond for a statement is mentioned is

section 6921, which is not this case, and it is clear that the forfeiture section, 6905, for failure to make statement, refers to the statement mentioned in that section.

*Smith & Thurman* for respondent.

(1)    The circuit court having found that defendants had goods and merchandise on·hand at one time between the first Mondays in March and June, 1894, to the value of $10,000 and as under our statutes all property is required to be assessed at, and pay taxes upon, its actual value, and the defendants having failed and refused to make and file any statement as required by law, the plaintiff's motion for judgment should have been sustained.    R. S. 1889, secs. 6899 and 6905; *Ward v. Board of Equalization*, 135 Mo. 323.

BURGESS, J.—This is an action by the State at the relation of Samuel H. Fisher, treasurer and *ex officio* collector of Bates county, against defendants Rodecker and Cohen as principals, and Royce and Elgert as sureties on their bond as merchants, executed according to the provisions of chapter 111, Revised Statutes 1889.

The conditions of the bond are "for filing the true statement required by section 6899, Revised Statutes 1889, and for the payment on the first day of November next, to the collector of said county, of all taxes which may then be due from the principal in the bond for the twelve months ending on the first day of November next, upon merchants' license, retail vender of merchandise goods, wares and merchandise, and in default of such statement and payment, to pay all damages and costs which may be adjudged against them by law." The bond was executed on the —— day of November, 1893.

The petition alleges that it was the duty of the defendants, Rodecker and Cohen as merchants, to file

or cause to be filed on the first Monday in June, 1893, with the clerk of the county court of said county a true and correct statement, verified by affidavit, of the greatest amount of goods, wares and merchandise which said defendant merchants had on hand at any time between the first Monday in March, 1894, and the first Monday in June, 1894, which said defendant merchant failed and refused to do. That the greatest amount in value of such goods, wares and merchandise, so had on hand by said merchant at one time between the last named dates was the sum of $12,000. That by virtue of the premises, under the law the bond so executed by defendants as aforesaid, has become and is now forfeited, and that a right of action has accrued and now exists in favor of the plaintiff, and against each and all of said defendants upon said bond (a copy of which is herewith filed) for damages in a sum equal to three times the amount of the revenue levied in the city of Rich Hill, Missouri, aforesaid, for the year 1894, upon an assessment of property at the value of $12,000, the amount in value of the greatest amount of goods, wares and merchandise so held by defendant merchants . . . . . . . at any time between the first Monday in March, 1894, and the first Monday in June, 1894, and for a reasonable fee for the attorneys for bringing and prosecuting this action.

The petition further alleges that the rate of taxation in the City of Rich Hill, Missouri, aforesaid, for all purposes legally levied for the year 1893, is twenty mills upon each and every dollar of taxable property in said city. It also alleges that the relator has employed and selected Thomas J. Smith and A. W. Thurman, attorneys at the bar of this court, to bring and prosecute this action and that a reasonable fee for their services in so doing is the sum of $100.

It then prays judgment against defendants for the

sum of $720, being three times the amount of taxes that would be due and collectible for the year 1893, in said city of Rich Hill, Missouri, upon an assessment of $12,000, the true amount of property had on hand by defendant as aforesaid, and which should have been returned in said statement, and for costs, including said attorneys' fee.

Defendants answered denying all the allegations in the petition, and by way of affirmative defense the answer proceeded as follows:

"Defendant further answering states that the said firm of Rodecker & Co., composed of J. Rodecker and Sam. Cohen, ceased dealing in goods, wares, and merchandise or clocks in the said county of Bates, prior to the first of June, 1894, nor did they at any time thereafter engage in the selling of goods, wares and merchandise or clocks in said county, and they had made their statement and paid the taxes demanded of them as merchants for the year prior thereto to the treasurer of said Bates county as required by chapter 111, of the Revised Statutes of Missouri 1889.

"Defendants further answering states that in the month of June, 1894, the said firm of J. Rodecker & Company, composed of J. Rodecker and Sam Cohen, transported their goods, being the goods, wares, and merchandise in question from the city of Rich Hill, in said county of Bates, to the city of Lexington, in the county of Lafayette, in the State of Missouri, and under the same firm name and style, engaged in the selling of goods, wares and merchandise from said stock at said point, and in compliance with the requirements of said chapter 111, of the Revised Statutes of Missouri, of 1889, filed their statement of the highest amount of goods, wares and merchandise they had on hand, as required by law, with the treasurer of said Lafayette county and gave a bond as required by said law for

the payment of the taxes thereon, and did on the ninth day of January, 1895, pay into the treasury of said Lafayette county, all the taxes levied thereon as provided by said law, for the year beginning the first of June, 1894, and received a receipt from the collector of said county for his merchants' tax for said year, from the first of June, 1894, to the first of June, 1895.

On motion of plaintiff all that part of the answer except the words, "Now come the defendant and for answer to the petition of plaintiff deny each and every allegation therein contained," was stricken out over the objection and exception of defendants.

The trial was before the court, a jury being waived. When the case was called for trial defendants objected to the introduction of any evidence upon the ground that the petition fails to state a cause of action. The objection was overruled, and defendants saved their exception. Plaintiff recovered judgment for $270, being three times the amount of revenue found to be due by Rodecker and Cohen for that year, and for $100 attorneys' fees and costs. Defendants then filed motions for new trial and in arrest which were overruled, and they appealed.

The evidence tended to show that the greatest amount of goods that Rodecker and Cohen had on hand between the first Mondays in March and June, 1894, was $10,000, but the court estimated the amount at $4,500. The evidence also showed that they went out of business in May, 1894. Cohen testified that he had made a statement under oath to the clerk of the county court of Bates county, when asked, on the first of June, 1893.

At the close of plaintiffs evidence the defendants asked the court to declare the law to be that under the pleadings and evidence, the judgment should be for

the defendants, which the court refused to do, and defendants excepted.

Defendants first contention is that the petition states no cause of action in that it sues only for a tax due the city of Rich Hill as a merchants' license tax at the relation of the relator who is treasurer and *ex officio* collector of Bates county, upon a bond given to the State of Missouri to secure the payment of a merchants' license tax to the collector of said county, which he has no authority to collect, but which duty devolves upon the city collector. This we think a misconception of the purpose of the suit, as there is no allegation in the petition which justifies the conclusion, or from which it can be inferred that it "sues only for a tax due the city of Rich Hill." Certainly no such inference can be drawn from the fact that the petition alleges "that the rate of taxation in the city of Rich Hill for all purposes legally levied for the year 1893, is twenty mills upon each and every dollar of taxable property in said city," and this is the only allegation which has the slightest tendency to sustain defendants contention, and this we think falls far short of it.

Another objection urged against the petition is that it fails to state a cause of action, in this that section 6899, Revised Statutes, requires a merchant to file a statement on the first Monday in June of each year, showing the greatest amount of goods on hand at any time between the first Monday in March and the first Monday in June next preceding, thereby meaning months of different years, or the year next preceding, which would be a useless act, something the law in no case requires. But this is not a fair interpretation of the statute, which evidently means the first Monday in March and the first Monday in June of the same year as that in which the statement is required to be filed. This was clearly the intention of the legislature,

for to give this section of the statute the meaning contended for by defendants would be to require merchants to do a useless and absurd act. If defendants are correct in their contention, merchants are required to make a statement of the greatest amount of goods they had on hand at any time between the first Monday in March and the first Monday in June of the preceding year, while by statute they are required to pay their tax on or before the first day of November next following. This would be an absurdity, and manifestly not a correct construction of the statute, which clearly means the greatest amount of goods on hand at any time between the first Monday in March and the first Monday in June of the same year in which it is made the duty of merchants to file in the office of the clerk of the county court of the county in which the merchants' license may have been granted a statement of the greatest amount of goods, wares and merchandise which they may have had on hand at any time between those dates. The spirit of the statute must govern and not its strict letter. *Ex parte Marmaduke,* 91 Mo. *loc. cit.* 254.

It is true the petition alleges that it was the duty of the defendants Rodecker and Cohen to file their statement on the first Monday in June, 1893, but this was a clerical mistake, as the petition avers and the evidence showed that no statement of the greatest amount of goods on hand between the first Monday in March and the first Monday in June, 1894, was filed by them, so that the averment was not material as the case was tried upon the theory of the failure by Rodecker and Cohen to file the required statement on the first Monday in June, 1894.

As this action is not for a license tax nor a city tax, it is immaterial whether the city of Rich Hill is a city of the fourth class, and is empowered by its

charter to enact ordinances for the assessment of its own merchants' license tax or not. Besides, no such issue was made by the pleadings, nor does it appear therefrom or from the evidence that the city is of the fourth class.

Moreover, the petition avers, that twenty mills taxes were legally levied, and the record shows that defendants admitted on the trial all the facts set out in plaintiff's petition except as to what was the value of the highest amount of goods had on hand by the defendant merchants at any one time between the first Monday in March and the first Monday in June, 1894.

Defendants assert that even if chapter 111 of the Revised Statutes 1889, applied to this case, yet as the allegations in their answer were not denied by plaintiff, and the testimony of the defendants Rodecker and Cohen, shows that on June 1, 1894, they had ceased to be merchants as defined by section 6894 of said chapter, it would be absurd to declare a forfeiture of their bond for failure to make the statement, to be used as a basis for a license tax, when they had ceased to be amenable to the tax, which would be levied on it. But no such issue is raised by the answer as it now stands, as all that part of it except the general denial was stricken out upon motion of plaintiff. Nor was there error in striking out that part of it against which the motion was leveled, as it presents no defense to plaintiff's cause of action; for the reason that it does not allege that defendant merchants ceased dealing in goods in Bates county prior to the first Monday in March, 1894. It may be true as alleged that they had ceased to do business as merchants in said county before the first day of June, 1894, and yet not have discontinued business more than one day before that time. That part of the answer is not inconsistent with this view, and if at any time between the first Monday

in March and the first Monday in June of that year, Rodecker and Cohen were engaged in selling goods, wares, and merchandise at Bates county it was their duty on the first Monday in June in that year to file in the office of the clerk of the county court of that county a statement of the greatest amount of goods, wares, and merchandise which they may have had on hand at any time between those dates, whether they were in fact engaged in the mercantile business on the first Monday of June, 1894, or not.

Defendants also contend that the bond required by section 6897, R. S. 1889, is for the payment of the license tax only, and that the clause in the bond in the case at bar providing for filing the true statement required by section 6921, Revised Statutes, was injected into the bond by relator without authority. Conceding that the clause in the bond referred to was improperly written in the bond, that provision may be regarded as surplusage, and not as affecting its validity. Without that provision the bond is a good statutory bond, and conforms to the requirements of section 6897, *supra.* And it is provided by section 6905, Revised Statutes, that every person or copartnership of persons, who shall fail to file the statement, and at the time and in the manner required by section 6899, Revised Statutes, shall be deemed to have forfeited the bond given by him or them, and judgment shall be rendered for the plaintiff in damages for three times the amount of revenue which shall be found to be due for the year, and costs, and this is what we understand the court to have done in this case.

The judgment seems to be supported by the pleadings and the evidence, and finding no reversible error in the record, we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.