## G. D. GRIBBLE et al., Appellants, v. R. E. EVERETT, Respondent.

### St. Louis Court of Appeals, February 3, 1903.

1. **Peremptory Instruction: CONTRADICTORY EVIDENCE: PRACTICE TRIAL.** A peremptory instruction asked at the close of a case, by the plaintiff, that under the pleadings and the evidence judgment should be for plaintiff, when contradictory evidence has been introduced, at the trial of the case, is properly refused.

1. **Verdict: CONFLICTING EVIDENCE: PRACTICE, APPELLATE.** A verdict rendered on conflicting evidence will not be disturbed by the appellate court.

3. **Written Contract: EVIDENCE: PAROL AGREEMENT; FILLING BLANKS.** In an action on a written contract, evidence that when signed by the defendant, it was merely a blank form, and that he signed it under an agreement that the blanks should be filled in accordance with an oral understanding, which agreement was not fulfilled, was not objectionable as a parol alteration of the written contract.

4. ——: ——: ——: **ACTION ON CONTRACT: EVIDENCE: ADMISSIONS.** In an action on a contract in which defendant admitted the signature to be his, the admission of evidence that it was defendant's practice to attach his individual name to a corporate title under which he conducted business, and under which alone the contract was signed, was harmless.

Appeal from Greene Circuit court—*Hon. J. T. Neville,* Judge.

AFFIRMED.

*A. W. Lyon, Joe P. Wilson* and *Byron M. Clendening* for appellant.

(1)  When the terms of a written instrument are clear, plain and unmistakable, and neither fraud nor misrepresentation is shown in procuring or inducing the signature, the signer is bound by what he signed, as fully as if he had read it.   He is presumed to have read the writing, and is bound by its terms.   And a party who is *sui juris* can not deliberately sign a written contract and then escape its obligations on the ground that he did not know its contents.  Railway, v. Cleary, 77 Mo. 634; Robinson v. Jarvis, 25 Mo. App. 421; Campbell v. Van Houten, 44 Mo. App. 231; Palmer v. Ins. Co., 31 Mo. App. 467; Rothschild v. Frensdorf, 21 Mo. App. 318; Brown v. Railroad, 18 Mo. App. 568; Taylor v. Fox, 16 Mo. App. 527; Kellerman v. Railroad, 136 Mo. 188; Herndon v. The Triple Alliance, 45 Mo. App. 426; Q'Brien v. Kinney, 74 Mo. 125.   (2)   To show the application of the above authorities to the evidence, I quote the following from defendant Everett's testimony:  "Q.   Do you tell me with your experience as a contractor, and the fact that he was a stranger, that you signed up that contract there in blank?   A.   I didn't sign any contract in blank.   Q.   Didn't you admit just a minute ago that you signed that paper?   A.   I said I didn't sign it as a contract.   Q.   Didn't you sign that, and didn't you admit it?   A.   I did, and I do now.   Q. Do you tell the court that you signed it, and Williams a stranger, without reading it?   A.   There wasn't but very little on  it to read.   Q.   I asked you if you signed it without reading it?   A.   I did.   I signed that writing on there."   Some effort was made by defendant's counsel to show that defendant signed the contract in blank, to be filled up a certain way, but Everett denies that he signed it in blank.   (3)   Oral evidence is not admissible to engraft additional stipulations upon a written contract. When a person enters into a written

contract, which is plain and complete in itself, and is not deceived by fraud or otherwise as to its meaning, terms and conditions, he will not be heard to say that he did not enter into that contract, but a different one. Hair Co. v. Wolmsley, 32 Mo. App. 115; Loan & Trust Co. v. Workman, 71 Mo. App. 275; Broughton v. Null, 56 Mo. App. 231; Johnson County v. Wood, 84 Mo. 489.

*Barbour & McDavid* for respondent.

(1) The trial court committed no error in refusing plaintiff's instruction No. 1. (2) The court committed no error in overruling plaintiff's motion for a new trial. (3) The court committed no error in admitting the testimony of defendant; under the issues made by the pleadings it was all competent, relevant and material. (4) The leaving of blanks in a contract, and the delivery of the instrument with such blanks, creates an agency in the receiver and his assigns to fill the blanks in the way contemplated by the maker; and any departure from this agreement will defeat the right of the original holder to recover upon the instrument. Plaintiffs in the case at bar are the original holders of the instrument sued on. Edgar Williams was authorized to fill the blank with the amount agreed on and when he filled in a different amount the instrument becomes void. Mackey v. Basil, 50 Mo. App. 190; Loan Co. v. Brown, 59 Mo. App. 469; Roe v. Ins. Co., 78 Mo. App. 455; Lawson on Contracts, sec. 434.

REYBURN, J.—The contract upon which plaintiffs brought this action is a printed form, the substantial part of which is as follows:

"$48.00.                    Springfield, Mo., January 31, 1899.
"Insert our advertisement in the Frisco Line Magazine one year, for which we agree to pay four dollars per month, payable quarterly. Space 1-8 page.
"SPRINGFIELD PLANING MILL & LUMBER Co.

"No contract or agreement other than this recognized."

The contract is on the regular printed form used by plaintiffs, all of which is printed except the figures at the upper lefthand corner, "$48.00," and the words "our" in the first line and "one year" and "we" in the second line, and "four dollars per month" in the second line, and "1-8 page" in the fourth line, and the date at the top.

Plaintiff filed in the justice's court, where the case was begun, a formal petition alleging the execution of a contract therewith filed, wherein it was agreed that plaintiffs should publish in the Frisco Line Magazine an advertisement for one year, occupying one-eighth of a page, for which the Springfield Planing Mill & Lumber Company by its owner, defendant, agreed to pay four dollars per month payable quarterly; that plaintiffs complied with the terms of the contract, but defendant failed to make any payment, and judgment was asked for $48, with interest from date of demand.

Defendant's answer, duly verified by his affidavit, denied the execution of the alleged contract, alleged that plaintiffs agreed, if defendant placed an advertisement with them to make such advertisement for the sum of two dollars and fifty cents, and presented a printed blank to defendant with request that he sign it in the name of his business, and that they would then fill in the blanks in such paper and perform their part of it for the consideration of two dollars and fifty cents. That he signed such blank paper, but at the time he signed it only the printed portions appeared, and there was no writing whatever thereon; that he signed it with the distinct agreement that two dollars and fifty cents was to be written in as the full consideration for the performance of the alleged contract of advertising by plaintiffs, and with such explicit understanding first had with them. That after signing it in such manner, plaintiffs filled in all the blanks, and fraudulently and without authority, knowledge or consent of defendant, and contrary to

the agreement, wrote in the sum of forty-eight dollars instead of two dollars and fifty cents, the amount agreed upon. The answer further set forth that after signing the paper sued on, plaintiffs agreed with defendant that if defendant would introduce plaintiffs to business men of Springfield, with a view of procuring their advertisements, plaintiffs would accept such service in full payment of defendant's advertisement, and that defendant accepted such proposition and introduced plaintiffs to many of the business men, whereby the plaintiffs secured several advertisements.

A jury having been waived, the case was tried before the court, which rendered judgment for the defendant. The evidence of plaintiffs consisted of the depositions of W. T. Williams, co-plaintiff, who made demand for payment about February, 1900, and E. J. Williams, who solicited and obtained the order in suit. The proof in behalf of defendant consisted of the testimony of defendant and of his bookkeeper, the latter of whom was present when the order was given. The evidence was in direct conflict, the plaintiffs' witnesses testifying plaintiff performed the contract on their part, and that the order was in the complete form presented in the suit when delivered to plaintiffs' agent, and the defendant's testimony tending to establish that none of the blanks were filled up at the time defendant signed the title under which he was engaged in business, and that the amount he was to pay for the advertisement was but two dollars and fifty cents or three dollars, and that he was to be released from payment of this amount if he presented plaintiffs' agent to merchants in Springfield which he accordingly did. The only instruction was a declaration asked by plaintiffs at close of the case that under the pleadings and the evidence the judgment should be for plaintiffs, which was properly refused both by reason of its peremptory tone as well as of the fact that contradictory testimony had been introduced

by plaintiffs and defendants, respectively, to sustain the issues of fact raised by the pleadings.

Appellants assign as further error committed at the trial that, over objections of plaintiffs, the court permitted defendant to testify that his unbroken practice was to attach his individual name to the corporate title under which he conducted his business, to checks, notes and contracts, and that the court refused to exclude the testimony repudiating and assailing the order sued on as having been fraudulently and improperly completed by filling out the blanks in an amount not in accordance with the agreement between plaintiffs and defendant. The defendant acknowledged the writing by him of his business title at bottom of the order, and therefore the further statement by him that he customarily added his individual name where he executed important instruments, if immaterial and incompetent, was not error sufficiently grave to warrant a reversal of the finding of the trial court. Concerning the testimony in assault upon the order, it is sufficient to say that the fundamental rule that parol contemporaneous evidence can not be introduced to contradict or vary the provisions of a valid instrument in writing, which is devoid of patent ambiguity invoked by plaintiffs, is not applicable. The defendant had denied under oath the execution by him of the contract in suit, and by his answer had presented the issue whether the order filed was the actual contract between the parties or whether, in violation of the terms of the oral agreement between them, the blanks therein had been filled up for an amount exceeding the stipulated consideration. If the trial court found from the testimony that the version of defendant was the true statement of the method and conditions attending the delivery of the order, and that only the business title of defendant was written or signed at foot of the order in blank when received by plaintiffs' solicitor, then implied authority was conferred to complete the instrument by inserting the true

consideration agreed upon, but not otherwise. Mackey v. Basil, 50 Mo. App. 190.

Inaccuracies and discrepancies were presented in the testimony, but the credibility of the witnesses, the weight to be given to their testimony and the preponderance of the testimony must be passed upon by the trial court and its finding, standing as the verdict of a jury and supported by substantial testimony, will not be disturbed.. Judgment affirmed. *Bland, P. J.,* and *Goode, J.,* concur.