SIDNEY S. MONTGOMERY, APPELLEE, v. QUINTILLA M. DRESHER; DUNCAN M. VINSONHALER. INTERVENER, APPELLANT.

FILED OCTOBER 30, 1914. No. 17,863.

1. **Mortgages:** FORECLOSURE: DEFICIENCY JUDGMENT: APPLICATION OF FUNDS. When it is made to appear to the court that there is money of a defendant in the hands of its clerk sufficient to pay a

judgment entered against him for deficiency in a foreclosure suit, and that if the fund is not applied to the satisfaction of such judgment plaintiff will be left without means of obtaining satisfaction thereof, the court is not required to look further than to ascertain that there are no liens of third parties upon the fund which would forbid such application. Having ascertained that .fact, the court then, under the practice in this state which does not look to the form of actions, has the power to order the fund applied to the payment of such judgment.

2. Judgment: SATISFACTION: ORDER TO PAY MONEY INTO COURT. Where a judgment plaintiff has secured the payment into court of a sum of money, belonging to the defendant, amply sufficient to pay the full amount of his judgment and costs, it is error for the court to require the payment into court of further sums of money owing to defendant from third persons.

APPEAL from the district court for Douglas .county: WILLIS G. SEARS, JUDGE. *Affirmed in part, and reversed in part and remanded, with directions.*

*Duncan M. Vinsonhaler, pro se.*

*McGilton, Gaines & Smith* and *William Baird & Sons, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Douglas county to foreclose a mortgage securing two notes, given by defendant to one Becker, for $1,200 and $500, respectively. This was a second mortgage. Default having been made, plaintiff brought suit to foreclose the mortgage. Defendant appeared and defended the suit. Judgment went in her favor on the ground that plaintiff had not acquired the note and mortgage for a valuable consideration in due course of business, and for other reasons not necessary to repeat. On appeal to this court that judgment was reversed and the cause remanded, with directions to the district court to enter a decree of foreclosure. *Montgomery v. Dresher*, 90 Neb. 632. While the appeal was pending in this court, plaintiff applied to the district court for leave to commence an action at law against defendant on the notes, giving as a reason that defendant was a non-

resident; that she had obtained a judgment against one Brennan and one Becker, for $3,500; that defendant had no other property in the state except the lot described in the mortgage; that there had already been a foreclosure of a first mortgage by the National Life Insurance Company against the property, and the property was about to be sold under an order of sale therein; that defendant was about to collect her judgment, and that, if she succeeded in collecting her judgment and the property should be sold under the first mortgage, plaintiff would lose his debt. Leave was granted to commence the action at law. A separate action at law was thereupon commenced and garnishment process served upon Brennan and Becker. They answered, admitting their indebtedness to defendant under the judgment referred to. The court thereupon ordered them to pay into court $2,500, to abide the further order of the court, which was done. When the mandate from this court went down in *Montgomery v. Dresher, supra,* plaintiff applied to the district court in this suit for a deficiency judgment upon the notes, representing to the court that the property covered by the mortgage had all been consumed in the foreclosure suit upon the first mortgage. The court thereupon entered judgment in favor of plaintiff for the full amount of the two notes and interest, in the sum of $2,047.54, and awarded execution therefor. Execution was issued and returned *nulla bona.* Prior to the commencement of the law action intervener, who was attorney for defendant in her action against Brennan and Becker, had filed an attorney's lien for $1,250 upon the judgment which he had obtained for her in that action. After the garnishment proceedings in the law action and the filing of the answer of Brennan and Becker, admitting their indebtedness to defendant, and before the application for a deficiency judgment in this suit, intervener obtained from defendant an assignment of her judgment against Brennan and Becker, of which plaintiff had full notice. No further steps were ever taken by plaintiff in the law action, although he could have obtained full and complete payment of his notes in that action. The amount of his

claim was $2,047.54. He had secured the payment into court of $2,500 of defendant's money. Instead of pursuing his remedy at law in that action, which he had commenced by leave of court, he came back into this suit and obtained a judgment for deficiency upon the notes, as above set out. After an execution on the judgment had been returned *nulla bona,* he had garnishment process again served upon Brennan and Becker for the balance of their indebtedness to defendant upon her judgment against them, and the court in this suit ordered Brennan and Becker to pay that balance of $800 into court. With that payment in court, plaintiff would then have $2,500 in the hands of the clerk, as a result of his garnishment in the law action, and $800 as a result of his garnishment in this suit, a total of $3,300, plus a large amount of interest upon the Brennan and Becker judgment, from which to secure payment of a judgment of $2,047.54. See Mrs. Means' admonition to her husband *in re* "Congress land," in The Hoosier Schoolmaster.

Plaintiff then made application to the court in this suit, in which he showed the entry of the personal judgment for $2,047.54; alleged that no appeal had been taken from the judgment; that nothing had been paid by defendant on the judgment; set out the commencement of the law action; alleged that the notes, upon which the law action was based, were the same notes upon which the judgment in this suit was entered; set out the garnishment of Brennan and Becker, and the payment into court by them of $2,500, which sum he alleged was then in the hands of the clerk; alleged that the obligation on which judgment was entered in plaintiff's favor in this suit and the obligation set up as the cause of action in the law action are one and the same, and that the parties to the two actions are one and the same; that the only service in the action at law upon defendant was constructive service, and that she had not appeared therein; and moved the court that the money held by the clerk under the garnishment in the law action be applied in satisfaction of the judgment entered in this suit; that the clerk be ordered to pay

to plaintiff out of the $2,500, referred to, the amount of plaintiff's judgment, interest and costs, and to pay any surplus of said sum to defendant, and that upon such payment the law action be dismissed. Intervener thereupon filed his petition of intervention, in which he set out the facts substantially as we have already recited them, and alleged that, for the services rendered by intervener for defendant by reason of the numerous suits growing out of the above transaction, for which he has received no compensation, defendant assigned to him the judgment against Becker and Brennan; that plaintiff at all times was advised of the existence of intervener's lien for attorney's fees, and that when he caused garnishment to be issued in this suit plaintiff knew that intervener was the owner of the Becker and Brennan judgment. Wherefore he prayed for an order vacating and setting aside the writs of garnishment issued in this suit and enjoining and restraining plaintiff from further interfering with or delaying intervener in the collection of his judgment from Becker and Brennan, and for general equitable relief.

By its decree the court found that the judgment for $2,047.54 remains wholly unsatisfied, and that there is due plaintiff thereon the said sum, with interest and costs of suit, including the costs of the former appeal in this court; that $2,500 had been paid into court by Brennan and Becker in the law action; that there remained a balance due from Becker and Brennan on their judgment to defendant of $800, with interest from June 3, 1911, and that there is due interest on the $2,500 from June 3 to October 10, 1911; that intervener had a contract with defendant, by the terms of which he was entitled to one-third of the amount he should collect on her claim against Brennan and Becker; that intervener filed his lien against that judgment for $1,250; that subsequent thereto, to further secure intervener, defendant executed and delivered to him an assignment of her judgment against Brennan and Becker; that intervener had received, to apply on said indebtedness, $456.86; that prior to the entry of judgment in this suit plaintiff commenced the law action and ob-

tained the payment into court of $2,500; that defendant had failed to appear and answer in that action, and was served therein by publication only; that the proceedings in the law action were not abated by the rendition of the judgment in this suit, and that plaintiff's cause of action in said proceeding was on the same notes and cause of action as in this proceeding; that the right of plaintiff to a judgment on the notes had been fully determined in this suit, and that the $2,500 garnished and paid into court in the law action, or so much thereof as necessary, should be applied in satisfaction of the judgment, interest and costs of plaintiff entered in this suit; and decreed that Brennan and Becker pay into court the balance of $800 remaining unpaid on defendant's judgment, with interest; that the clerk "out of the funds in his hands, to wit, the sum of $2,500 garnished and attached in and by virtue of the proceedings in docket 114, page 231 (the law action), and the $800 and interest to be paid by the said Becker and Brennan, pay to this plaintiff, Sidney S. Montgomery, the amount due on his judgment, interest and costs of district and supreme court, heretofore rendered in this action, and the accrued costs in said case in docket 114, page 231 (the law action), and that after such payment said clerk pay over the funds so remaining in his hands to Duncan M. Vinsonhaler" (intervener). Intervener appeals.

Intervener in his brief states: "The only question for determination in this appeal is: 'Could the district court, upon motion of the plaintiff herein, order money to be paid in satisfaction of a judgment herein which had been paid to the clerk under attachment and garnishment proceedings in a suit at law where service was constructive, when judgment had not been entered in the suit at law?'" At first blush, the impulse would be to answer, "No," but under the facts shown in the record we are constrained to answer the query, as applied to those facts, in the affirmative. The parties to this suit and the parties to the action at law, when that action was instituted and the money paid into court, are the same, except that when the order was made, applying the money deposited with

the clerk in the law action to the payment of plaintiff's judgment in this suit, intervener had become a party to this suit and was asserting for himself, under an assignment from the defendant, the interest which defendant had in the litigation at the time the money was paid into court in the law action. If he were now in court as an innocent holder for value of defendant's interest in the judgment against Brennan and Becker, there would be great force in his contention, but the trouble is, when he took his as-. signment of the judgment from the defendant, whether he took it merely as additional security for his attorney's fee, as found by the court, or took it as an absolute assignment, as contended by him, he took it with full notice and knowledge of plaintiff's demand against the defendant. It is true there is force in his contention that, as to the $800 which the court ordered paid in by Brennan and Becker after he had obtained his assignment from defendant, his rights were superior to those of the plaintiff, but that question we are not called upon to decide, for the reason that it is entirely immaterial. The $2,500 paid into court under the garnishment proceedings in the law action is ample to pay plaintiff's demand in full, so that the only question we need determine is the simple question stated by intervener in his brief. As we have already stated, after the money was deposited with the clerk in the law action, plaintiff took no further steps therein. He did not prosecute that action to final judgment, and, as intervener contends, he probably obtained nothing more than an inchoate lien upon that fund. But the fund had been paid into court to be held for the satisfaction of any judgment which plaintiff might obtain against defendant upon the notes he held against her and which constituted the cause of action in each suit. To the extent of plaintiff's demand against defendant, no one can complain of the application the court is making of that fund except the defendant, with this exception, that, as to the extent of his attorney's lien, intervener had a claim to that fund which was prior to plaintiff's right under his garnishment proceedings. If the record now showed that by ap-

plying a portion of that fund to the payment of plaintiff's notes intervener would suffer a loss of any part of his attorney's lien, then to the extent of that loss he might object to such application being made. But the evidence shows that intervener will not suffer any such loss by reason thereof. The surplus of the $2,500 over and above the amount of plaintiff's judgment, added to the $800, which is still owing by Brennan and Becker, is ample to pay intervener all that is due him under his attorney's lien. We think, therefore, that when the court, in this suit, became advised of the fact that there was money in the hands of its clerk, sufficient to pay plaintiff's demand, and that, if it were not so applied, plaintiff would be left without any means of obtaining satisfaction of his judgment, it was not required to look further than to ascertain that there were no liens of third parties upon the fund which would forbid such application. Having ascertained that fact, the court then, under our practice which does not look to the form of actions, had the power to order the fund applied. That plaintiff had reached this point by a circuitous and expensive route could not affect the right of the court to enter the judgment; but we think the court should have inquired into the matter and ascertained whether or not plaintiff had made a lot of unnecessary costs by instituting the action at law and then switching back to the suit in equity, and should have taxed all such unnecessary costs to plaintiff. That unnecessary costs were made is clear. As already intimated in this opinion, plaintiff could have obtained full payment of his demand in the law action. He had procured the payment into court of a sum of money ample to satisfy his demand, and he should have obtained it there. When he came back into this suit, all costs subsequently made herein, except the entry of judgment on the notes, were unnecessary costs, which he should pay.

The judgment of the district court, as to the application of the funds in the hands of the clerk, is affirmed. In so far as it orders the garnishees to pay an additional $800 into court, it is reversed. The cause is remanded to the district court, with directions to tax all costs in this suit,

subsequent to the entry of judgment upon the notes, to the plaintiff.

JUDGMENT ACCORDINGLY.

LETTON, ROSE and SEDGWICK, JJ., not sitting.